UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARK WEST GALLERIES, INC.,

    Plaintiff,

CASE NO. 08-12247
HON. LAWRENCE P. ZATKOFF

vs.

BRUCE HOCHMAN, FINE ART
REGISTRY and THERESA FRANKS,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on December 18, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant Bruce Hochman's ("Hochman") "Motion to Dismiss for Lack of Personal Jurisdiction and Forum Non Conveniens" (Docket #6). The parties have fully briefed the issues. The Court finds that the facts and legal arguments pertinent to Hochman's Motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that Hochman's Motion be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Hochman's Motion to Dismiss is DENIED.

## II. BACKGROUND

Hochman is a California resident and asserts that he is one of the country's most knowledgeable experts on authentic Salvador Dali works. Hochman directs the operations of The Salvador Dali Gallery, Inc., a Nevada corporation doing business in California (the "Dali Gallery"). Among other things, Hochman performs appraisals of art works and has expressed opinions about

Salvador Dali art works via telephone and email, including to and with residents of Michigan. Hochman also is retained as an expert by co-defendant Fine Art Registry, LLC, an Arizona limited liability company ("FAR"), that operates a website dedicated to, in part, exposing fraudulent practices and unethical behavior in the art world. FAR is owned by co-defendant Theresa Franks ("Franks") and her husband. In 2007, Hochman participated in an interview with David Phillips ("Phillips"), and that interview was published on the FAR website. Plaintiff alleges that at least some of the statements made by Hochman in that interview (and published on the FAR website) were false and defamatory as to Plaintiff.

### III. LEGAL STANDARD

**A.** **Standard of Review**

The primary thrust of Hochman's Motion to Dismiss is an alleged lack of personal jurisdiction, which this Court treats as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2). It is well settled that Plaintiff bears the burden of establishing that personal jurisdiction exists in this Court. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *accord Am. Greeting Corp. v. Cohn*, 839 F.2d 1164, 1168 (6th Cir. 1988); *Weller v. Commwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974).

Once a defendant has filed a properly supported motion for dismissal, plaintiff "may not stand on . . . [its] pleadings, but must, by affidavit or otherwise, set forth specific facts showing that the court has [personal] jurisdiction [over defendant]." *Theunissen*, 935 F.2d at 1458 (citing *Weller*, 504 F.2d at 930). Here, Hochman has filed a properly supported motion for dismissal, and each party has submitted numerous documents in support of its respective position.

Accordingly, the Court has before it a properly supported Fed. R. Civ. P. 12(b)(2) motion and opposition thereto. At this stage of the proceedings the Court has three options:

> [I]t may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions.

2

*Theunissen*, 935 F.2d at 1458 (citing *Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). It is within the Court's discretion to decide which method it will employ in deciding the motion. *Theunissen*, 935 F.2d at 1458 (citations omitted). However,

> the method selected will affect the burden of proof the plaintiff must bear to avoid dismissal. . . . Where the court relies solely on the parties' affidavits to reach its decision, the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal.

*Id*. (citations omitted). In addition, "the pleadings and affidavits submitted on a 12(b)(2) motion are received in a light most favorable to the plaintiff." *Id*. at 1459 (citations omitted). "[T]he court disposing of a 12(b)(2) motion . . . [cannot] weigh the controverting assertions of the party seeking dismissal." *Id*. (citations omitted). Because the Court will decide the instant motion on the pleadings submitted, the Court will analyze the instant motion to determine whether Plaintiff has made a prima facie showing that personal jurisdiction exists.

## B. Personal Jurisdiction

Under F.R.C.P. 4(e), the Court must look to the Michigan long-arm statute, M.C.L.A. § 600.715, to determine whether personal jurisdiction exists in the case at bar. M.C.L.A. § 600.715 provides, in pertinent part:

> The existence of any of the following relationships between an individual or his agent and the State shall constitute a sufficient basis of jurisdiction to enable a Court of record of this State to exercise limited personal jurisdiction over the individual and to enable the Court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:
>
> (1) The transaction of any business within the State.
>
> (2) The doing or causing any act to be done, or consequences to occur, in the state, resulting in an action for tort.

In *Sifers v. Horn*, 385 Mich. 195 (1971), the Michigan Supreme Court stated that the phrase "transaction of any business within the State" found in M.C.L.A. § 600.715 "means just what it says. It includes 'each' and 'every' . . . . It comprehends the 'slightest'" contact. *Id*. at 199 n.2. *See also*

3

*Lanier v. American Bd. of Endodontics*, 843 F.2d 901, 905-906 (6th Cir. 1988). "However, constitutional concerns of due process limit the application of this state law." *Theunissen*, 935 F.2d at 1459 (citation omitted). A defect in the Due Process considerations "would foreclose the exercise of personal jurisdiction even where a properly construed provision of the long-arm statute would permit it." *Id.* The relevant criteria for Due Process consideration (the "*Mohasco* requirements") are:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Theunissen*, 935 F.2d at 1460 (quoting *LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1299 (6th Cir. 1989), *cert. denied*, 494 U.S. 1056 (1990)) (citing *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

## IV. ANALYSIS

**A.     Personal Jurisdiction is Authorized by Michigan Law**

In Paragraphs 11, 14, 15, 24, 25 and 28 of its Complaint, Plaintiff makes allegations regarding Hochman's connections to Michigan as follows:

11. Defendants FAR and [Theresa] Franks operate an internet website through which art buyers, including those in Michigan, are encouraged to register their purchases, and artists, including those in Michigan, are encouraged to register their artwork. Clients pay an annual $9.95 membership fee plus $2.25 each for numbered tags which are sent to the art owners and artists to be affixed to their artwork.

14. Defendant Hochman operates an internet website through which individuals, including those in Michigan, may purchase books and artwork from defendant Hochman to be paid for by individuals in Michigan and sent to them by Hochman.

15. As recently as April 2008, defendant Hochman received orders on his website from individuals residing in Michigan. He accepted the orders, called the purchasers in Michigan to confirm receipt thereof and shipped the goods to purchasers in Michigan.

24. Beginning as early as May 2007, defendants FAR and Franks began a campaign of publishing defamatory statements regarding Park West that has continued for eleven

4

> months. . . . FAR and Franks have engaged at least four "authors," including Defendant[] Hochman, to assist in their smear campaign against Park West, and have set up a "FAR Forum" to encourage discussion and repetition of the defamatory statements.
>
> 25. In addition to publishing the defamatory statements through the FAR website, Defendants Franks and Hochman have actively sought out customers of Park West and repeated their defamatory statements to them. Defendants Franks and Hochman have on several occasions told customers of Park West that Salvador Dali artwork they had purchased from Park West was not authentic and urged and otherwise caused such customers to develop ill will, contempt, and distrust of Park West, to demand a refund of their purchase price for such art, and to have no further dealings with Park West.
>
> 28. On November 6, 2007, defendants participated in a staged "interview" on the FAR website in which an orchestrated and rehearsed set of "questions" were presented by Phillips to defendant Hochman, who claims to be an appraiser of art and "expert" in art by Salvador Dali []. In truth and in fact, defendant Hochman co-authored the "interview" with Phillips and throughout this staged "interview", defendants Hochman, FAR and Franks falsely and maliciously stated, directly and by innuendo, that plaintiff sells "fake" Salvador Dali art.

In addition, as set forth in Exhibit 2 to the affidavit of Morris Austin Shapiro, the director of Plaintiff's operations, Hochman (through the Dali Gallery) has engaged in email communications with, and mailed products to, multiple persons who reside in the Eastern District of Michigan.

For the foregoing reasons, the Court concludes that Hochman's contacts with Michigan are sufficient to authorize the Court's exercise of personal jurisdiction over Hochman pursuant to M.C.L.A. §600.715.

**B.     Exercise of Personal Jurisdiction Would Not Offend Due Process**

As the Sixth Circuit has recognized, however, the mere authorization of the laws of Michigan to exercise personal jurisdiction over a defendant is not enough. Rather,

> [i]n order to survive [Hochman]'s motion to dismiss, [Plaintiff is] required to present a prima facie case that the . . . court's exercise of personal jurisdiction would not offend due process. [Plaintiff] therefore must establish with reasonable particularity sufficient minimum contacts with Michigan so that the exercise of jurisdiction over [Hochman] would not offend "traditional notions of fair play and substantial justice."

*Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 889 (6th Cir. 2002) (citations omitted). If Plaintiff can satisfy the *Mohasco* requirements, *supra*, due process will not be offended.

5

*1. Purposeful Availment*

Based on the website operated by FAR, the Court finds that FAR engages in global marketing of its services, including to residents of Michigan. As Hochman is retained by FAR as an expert and the "interview" between he and Phillips was conducted for the purpose of being published on the FAR website, the Court finds that FAR and Hochman have purposefully availed themselves of the privilege of acting in Michigan and/or causing consequences in Michigan as it relates to that interview. In addition, Hochman operates his own website for the Dali Gallery, and he offers items for sale worldwide on that website. As the correspondence set forth in Exhibit 2 to Shapiro's affidavit demonstrates, Hochman has contacted residents of Michigan and directed products he sold through the Dali Gallery website to persons in Michigan. Therefore, the Court concludes that Hochman himself, through his operation of the Dali Gallery, has purposefully availed himself of the privilege of acting in the forum state or causing consequences in the forum state. As such, the first *Mohasco* requirement is satisfied.

*2. Cause of Action Connected to Michigan Activities*

Plaintiff's cause of action is for (a) defamation, (b) tortious interference with Plaintiff's business relationships, and (c) interference with prospective business advantage. Each claim is based on alleged defamatory statements by made Hochman and published on the FAR website. The alleged defamatory statements denied the authenticity of Salvador Dali artwork sold by Plaintiff, a Michigan corporation. If Plaintiff's allegations are true, Hochman's statements were published worldwide, including to persons in Michigan. Moreover, such statements would cause injury to Plaintiff's business in Michigan. Accordingly, the Court concludes that Plaintiff's cause of action arises from alleged activities of Hochman directed at, and which allegedly have caused consequences to occur in, the forum state.

*3. Substantial Connections*

The acts of Hochman and the consequences of his acts must have a substantial enough connection with Michigan to make the exercise of jurisdiction over Hochman reasonable here. *Air*

*Products & Controls, Inc. v. Safetech Int'l Inc.*, 503 F.3d 544, 550 (6th Cir. 2007). For the reasons set forth above, Hochman should reasonably anticipate being haled into court in Michigan as a result of the alleged conduct in which he engaged (*i.e.*, the interview on the FAR website and his actions on behalf of his company, the Dali Gallery), for his "contacts with the forum proximately resulted from actions by the defendant himself that create a substantial connection with the forum state." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (internal citations omitted). In addition, "where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477. Hochman has not offered any such considerations for the Court to consider. Accordingly, the Court finds that Hochman's acts have substantial enough connections with the State of Michigan such that it would be reasonable to exercise personal jurisdiction over Hochman.

    *4.    Conclusion*

For the reasons set forth in Sections IV.A. and B. above, the Court finds that Plaintiff has established a prima facie case that the Court's exercise of personal jurisdiction over Hochman would not offend due process. Accordingly, the Court denies Hochman's motion to dismiss on the basis of a lack of personal jurisdiction.

**C.    Forum Non Conveniens**

Under the doctrine of *forum non conveniens*, a district court has inherent power to decline to exercise jurisdiction, even when venue is proper. *See Gulf Oil v. Gilbert*, 330 U.S. 501, 506-07 (1946). The "central focus of the *forum non conveniens* inquiry is convenience." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249 (1981). "A dismissal on *forum non conveniens* grounds is appropriate when the defendant establishes, first, that the claim can be heard in an available and adequate alternative forum, and second, that the balance of private and public factors listed in *Gulf Oil* ... reveals that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court." *Duha v. Agrium, Inc.*, 448 F.3d 867, 873 (6th Cir. 2006) (citation omitted). However, "there

7

is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point toward trial in the alternative forum." *Piper*, 454 U.S. at 255.

In this case, Hochman has not come close to meeting the heavy burden of demonstrating that "the private and public interest factors clearly point towards trial in the alternative forum." In fact, Hochman has not addressed any of the relevant public or private factors. Instead, Hochman focused only on the location of the alleged torts, the witnesses, the documents and Defendants, as well as the fact that Plaintiff has brought a similar case against Defendants in Florida. Therefore, the Court concludes that it does not have a sufficient legal basis upon which to dismiss this case pursuant to the doctrine of *forum non conveniens* and denies Hochman's motion to dismiss on that basis.

**D.     28 U.S.C. § 1391(a)**

The Court notes that Hochman also has argued that the case should be dismissed because venue in this Court is improper pursuant to 28 U.S.C. § 1391(a), which states in pertinent part:

> (a)     A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in:
>
> * * * *
>
> (2)     a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated, or . . .

Hochman asserts that since (a) he resides in California, (b) the co-defendants are located in Arizona, and (c) the complained of publication was in Arizona, it is clear that venue is proper in Arizona under §1391(a)(2). As discussed above, however, the Court finds that the exercise of jurisdiction in this judicial district is proper and that a substantial part of the events giving rise to the claim occurred in this judicial district. Those conclusions mean that venue is proper in this judicial district under § 1391 because a plaintiff may file his complaint in *any* forum where a substantial part of the giving rise to the claim arose. *See First of America Corp. v. Bramlet*, 141 F.3d 260, 263-64 (6th Cir. 1998) (holding that § 1391 does not require the forum to have the most substantial connection, only

that it be a forum with a substantial connection to the plaintiff's claim). Thus, Hochman's motion to dismiss based on 28 U.S.C. § 1391(a) is denied.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, Hochman's Motion to Dismiss for Lack of Personal Jurisdiction, Forum Non Conveniens and Improper Venue under 28 U.S.C. § 1391 is DENIED.

IT IS SO ORDERED.


                                          S/Lawrence P. Zatkoff
                                          LAWRENCE P. ZATKOFF
                                          UNITED STATES DISTRICT JUDGE

Dated: December 18, 2008

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 18, 2008.

                                          S/Marie E. Verlinde
                                          Case Manager
                                          (810) 984-3290