UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARK WEST GALLERIES, INC.,

        Plaintiff,

vs.

BRUCE HOCHMAN, FINE ART
REGISTRY, L.L.C. and THERESA FRANKS,

        Defendants.

CASE NO. 08-12247
HON. LAWRENCE P. ZATKOFF

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on December 18, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on the Motion to Set Aside Default filed by Defendants Fine

Art Registry, L.L.C. ("FAR") and Theresa Franks ("Franks") (Docket #3).  Plaintiff initially filed

a response to the Motion but later filed a Notice of Withdrawal of Objection to Set Aside Default.

The Court finds that the facts and legal arguments pertinent to the Motion are adequately presented

in the parties' papers, and the decision process will not be aided by oral arguments.  Therefore,

pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the Motion be resolved on

the briefs submitted, without this Court entertaining oral arguments.  For the reasons that follow, the

Motion to Set Aside Default is GRANTED.

**II.  BACKGROUND**

FAR is an Arizona limited liability company.  Franks is an Arizona resident and one of the

owners of FAR.  In 2007, FAR published a number of articles on the FAR website.  In the

Complaint originally filed in Oakland County Circuit Court, Plaintiff alleges that at least some of

the statements set forth in those articles were false and defamatory as to Plaintiff. Upon being served with the Complaint, FAR and Franks timely mailed a paper copy of their Motion to Dismiss to the Oakland County Circuit Court judge assigned to the case, Judge Michael Warren. Unbeknownst to FAR and Franks, Judge Warren required that all pleadings be electronically filed and Judge Warren's clerk returned their Motion to Dismiss without filing it. As a result of the paper copy of the Motion to Dismiss not being filed by Judge Warren's clerk, the time within which FAR and Franks could timely respond to the Complaint elapsed. Plaintiff immediately sought and obtained an entry of default against FAR and Franks. When FAR and Franks electronically filed their Motion to Dismiss days later, it was not accepted as the default had been entered. Co-defendant Bruce Hochman subsequently removed the case to this Court based on diversity of parties. FAR and Franks then filed the instant Motion to Set Aside Default with this Court.

### III. LEGAL STANDARD

Pursuant to F.R.C.P. 55(c), an entry of default may be set aside for "good cause." Under M.C.R. 2.603(D)(1), "[a] motion to set aside a default or default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed."

### IV. ANALYSIS

In lawsuits filed in front of Judge Warren, a plaintiff is required to give defendants notice that all documents in Judge Warren's cases must be electronically filed. In this case, FAR and Franks assert that Plaintiff failed to do provide them with such a notice and, as such, they were unaware that their Motion to Dismiss had to be filed electronically. Plaintiff does not dispute that it failed to provide FAR and Franks with notice of the electronic filing requirement.

Despite the initial (and timely) paper filing of the Motion to Dismiss being sent back to FAR and Franks, an electronic copy of the Motion to Dismiss was filed only one day after the entry of

default was made. In addition, FAR and Franks have attached to their Motion to Set Aside Default an affidavit of meritorious defense in this case. Each of the defenses appear to be substantive, rather than procedural, as FAR and Franks claim that all of their statements and writings about Plaintiff are accurate and not defamatory. Thus, the Court finds that FAR and Franks have asserted meritorious defenses to Plaintiff's claims of defamation, tortious interference with business relations and interference with prospective business advantage. As noted above, Plaintiff has withdrawn its objections to the Motion to Set Aside Default.

For the foregoing reasons, the Court concludes that FAR and Franks have satisfied their burden of showing good cause for setting aside the entry of default. For the same reasons, the Court finds that Plaintiff will not be prejudiced if the entry of default is set aside, *see Oasis Corp. v. Judd*, 132 F.Supp.2d 612, 615 (S.D. Ohio 2001), and that the interests of justice favor setting aside the entry of default.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, the Court hereby GRANTS the Motion to Set Aside Default.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: December 18, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 18, 2008.

S/Marie E. Verlinde
Case Manager
(810) 984-3290