UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARK WEST GALLERIES, INC.,

      Plaintiff,                           CIVIL ACTION NO. 08-12247[1]

     v.                                  DISTRICT JUDGE LAWRENCE P. ZATKOFF

BRUCE HOCHMAN, FINE ART       MAGISTRATE JUDGE VIRGINIA M. MORGAN
REGISTRY, and DAVID PHILLIPS,

      Defendants.[2]
_____/

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff's Motion to Compel Theresa Franks and Fine Art Registry to Respond to Its First Request for Production of Documents, First Set of Interrogatories and Appear for Deposition (D/E #33) and Plaintiff's Motion to Compel Defendant David Phillips to Respond to Its First Request for Production of Documents and First Set of Interrogatories and Appear for Deposition (Case No. 08-12274, D/E #17). The Court heard oral argument on those motions on April 13, 2009. Defendants alleged that certain documents should not be disclosed in discovery on the grounds that they were protected by "reporter's privilege." The parties were in dispute regarding the law applicable to the

---

[1] This case was originally two separate actions: Case No. 08-12247 and Case No. 08-12274. On March 19, 2009, the two cases were consolidated under Case No. 08-12247 (Case No. 08-12247, D/E #49; Case No. 08-12274, D/E #24).

[2] Theresa Franks, the owner of Fine Art Registry was originally a defendant in this action, but she was dismissed for a lack of personal jurisdiction on March 19, 2009 (D/E #47).

defendant's assertion of a reporter's privilege under which it was withholding documents. For the reasons discussed below, this Court finds that Michigan law governs defendants' assertion of a reporter's privilege.

### A. Background

Hochman is a resident of California (D/E #43) while Phillips is a resident of the state of Washington (Case. No. 08-12247, D/E #21). As previously described by the Honorable Lawrence P. Zatkoff in the Opinion and Order consolidating cases (D/E 49):

> Plaintiff, a Michigan corporation, is a private art gallery that conducts business throughout the United States and, at least as it pertains to the sale of art on cruise ships, throughout the world. Defendant Fine Art Registry, LLC, an Arizona limited liability company ("FAR"), operates a website dedicated to, in part, exposing fraudulent practices and unethical behavior in the art world. . . . Theresa Franks ("Franks") is an owner of FAR. Defendant Bruce Hochman ("Hochman"), who performs appraisals of Salvador Dali art works, is retained as an expert by FAR. In 2007, Hochman participated in an interview with [Defendant] David Phillips ("Phillips"). Plaintiff alleges that the content of many articles published on the FAR website is false and defamatory as to Plaintiff, including (1) some statements made by Hochman in his interview with Phillips, (2) many articles written by Phillips, and (3) other articles that identify Phillips as the Publications Director.

Opinion and Order Consolidating Cases, March 19, 2009, D/E #49.

In early March of 2009, plaintiff filed the two motions to compel at issue here (D/E #33; Case No. 08-12274, D/E #17), and plaintiff argued in those motions that FAR and Phillips had failed to produce any discovery in response to its discovery requests and that those two defendants were asserting improper objections, including a reporter's privilege, to producing

discovery.  Plaintiff also noted that, while defendants stated in their discovery responses that a privilege log would be forthcoming, none had been produced.

On March 17, 2009, FAR and Phillips filed responses to plaintiff's motions to compel (D/E #43; Case No. 08-12274, D/E #19), and defendants argued in those responses that the reporter's shield laws of Michigan, Washington, and Arizona precluded plaintiff from obtaining information or documents through discovery that are protected by those laws.  FAR and Phillips also noted that it had not yet been determined which state's laws governed the privilege and, therefore, they found it appropriate to cite to all potentially applicable state law privileges: Michigan, Washington, and Arizona.

On March 20, 2009, plaintiff filed reply briefs to defendants' responses (D/E #50; Case No. 08-12274, D/E #25), and plaintiff argued in those briefs that Michigan law applied to this action.

### B. Discussion

Jurisdiction in this case is based on diversity of citizenship and the United States Supreme Court has held, in Klaxon Co. v. Stentor Elec. Mfg. Co., Inc., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), that in diversity cases the choice of law rules applied by the federal court must conform to those of the state in which it sits.  Michigan's choice of law rule provides that there is a presumption that Michigan law applies to a case unless there is a rational reason to displace it.  See Sutherland v. Kennington Truck Serv., Ltd., 454 Mich. 274, 286, 562 N.W.2d 466 (1997); Ruffin-Steinback v. dePasse, 267 F.3d 457, 463 (6th Cir. 2001).  To determine whether there is a rational reason for displacement, Michigan courts use a two-step analysis:

> First, we must determine if any foreign state has an interest in having its law applied. If no state has such an interest, the presumption that Michigan law will apply cannot be overcome. If a foreign state does have an interest in having its law applied, we must then determine if Michigan's interests mandate that Michigan law be applied, despite the foreign interests.

Sutherland, 454 Mich. at 286.

Under this test, "Michigan courts ... use another state's law where the other state has a significant interest and Michigan has only a minimal interest in the matter." Hall v. General Motors Corp., 229 Mich. App. 580, 585, 582 N.W.2d 866 (1998). This "interests analysis" is to be distinguished from the traditional (and discarded) approach in Michigan, known as the doctrine of *lex loci delicti*, which dictated that the law to be applied was the law of the state where the tort occurred. Sutherland, 454 Mich. at 283-84.

In this case, FAR and Phillips offered no reasons in their responses to plaintiff's motions to compel as to why Michigan law should not apply. Instead, defendants merely identified the law of three different states, including Michigan, and argued that they were entitled to a reporter's privilege under any of the three states' laws. At oral argument, counsel for FAR and Phillips argued that either Arizona or Washington law applies, without any discussion as to why one should apply over the other.

While counsel for FAR and Phillips was not clear in either the response or at oral argument what law should apply, he was clear at oral argument that Michigan law should not apply. In making that argument, defendants relied solely on Compuware Corp. v. Moody's Investors Services, Inc., 222 F.R.D. 124, 133 (E.D. Mich. 2004) (Feikens, J.). In that case, the plaintiff Compuware Corp. ("Compuware") alleged that it had contracted with defendant

-4-

Moody's Investors Services, Inc. ("Moody's") to publish a credit rating of Compuware, for which it paid approximately $245,000, and that the senior unsecured debt rating that Moody's issued on August 13, 2002, which downgraded Compuware's rating, was fundamentally flawed to Compuware's detriment because the rating ignored and/or misrepresented key information about Compuware's financial condition.  Compuware, 222 F.R.D. at 126.  Compuware brought two claims against Moody's: a breach of contract claim and a defamation claim.  Compuware, 222 F.R.D. at 126.

As part of the discovery in that case, Compuware filed a motion to compel discovery materials from Moody's regarding International Business Machines ("IBM") or Computer Associates because the credit rating issued by defendants discussed Compuware's "strained" business relationship with IBM while also mentioning Computer Associates, a competitor of the plaintiff's, as a source of competitive pressure for Compuware.  Compuware, 222 F.R.D. at 126. Defendant objected to those discovery requests, among other reasons, on the basis that either Michigan's or New York's privilege for journalists protected them from having to disclose the discovery materials.  The Honorable John Feikens was required to determine whether Michigan or New York law, including the respective reporter's privilege laws, properly applied to the case. Compuware, 222 F.R.D. at 130-133.

Ultimately, Judge Feikens concluded that New York law governed the case after examining the Second Restatement and the Sutherland factors.  In making that decision, Judge Feikens first found:

> In this case, both IBM and Compuware are New York
> corporations, and they supplied the documents at issue to
> Moody's, which is also a New York corporation. Given the weight

> of these connections with New York, it seems clear that New York has the most significant relationship with the documents.

Compuware, 222 F.R.D. at 131.

Judge Feikens also found:

> New York is the center of the financial publishing industry, and the New York companies who gave these materials to Moody's, also a New York company, surely relied on the protections of New York law. A willingness to provide materials that contain sensitive financial information to a financial rating service is key to the functioning of the ratings system (and its reliability). Therefore, the special protections afforded by the New York reporter's privilege statute facilitate an important public purpose from which investors all over the world (and in Michigan) benefit.

Compuware, 222 F.R.D. at 133.

Judge Feikens further found:

> . . . here, a Michigan company is requesting those materials as part of a suit against the publisher that does not arise out of contacts with the Michigan company, but rather contacts of New York corporations with each other. Therefore, the companies justifiably relied on New York law in their transactions. To apply Michigan law now to subject those materials to disclosure would not be in the interests of justice or fairness.

Compuware, 222 F.R.D. at 133.

In addition to those reasons, Judge Feikens found that New York law applied because Michigan had only a very slight interest in having its law applied in this case given that its only connection to the documents in question was plaintiff's discovery requests and, while some of the requested documents were potentially relevant to the case at bar, the case at bar revolved around the publication of a rating that did not cite any of these documents. Compuware, 222 F.R.D. at 133.

Here, this case is wholly distinguishable from <u>Compuware</u>. Michigan's interests mandate that Michigan law be applied, despite the foreign interests that may be present. While the requested discovery in this case also involved interactions between non-Michigan parties, the interactions in this case were directly related to the Michigan plaintiff while, in <u>Compuware</u>, the materials requested did not even involve Compuware. Moreover, FAR and Phillips are residents of different states and it is unclear if they, or any of their alleged confidential sources, justifiably relied on any one state's interest, be it Arizona, Washington, or that any other state which could have a compelling interest in having its reporter's privilege law applied to articles published solely on the internet. Again, this Court would note that defendants did not even argue for one state above another and, instead, merely argued that Michigan law should not apply. Neither Michigan, Arizona or Washington is the center of the financial publishing [or art] industry, but plaintiff is a Michigan corporation that was injured in this state. The connection of Michigan to this case is much more than just the discovery requests as in <u>Compuware</u>. The requested discovery goes right to the heart of the claims and alleged injuries of the Michigan plaintiff.

As discussed, this Court must presume that Michigan law applies to this case unless there is a rational reason to displace it. <u>Sutherland</u>, 454 Mich. at 286. Defendants have briefly discussed the potential interests of other states in having their laws apply, but in light of the evidence discussed above, Michigan's interests mandate that Michigan law be applied despite any foreign interests.

S/Virginia M. Morgan<br>Virginia M. Morgan<br>United States Magistrate Judge

Dated: April 21, 2009

## PROOF OF SERVICE

The undersigned certifies that the memorandum opinion on the motions to compel was served upon counsel of record via the Court's ECF System and/or U. S. Mail on April 21, 2009.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan
