UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARK WEST GALLERIES, INC.,

        Plaintiff,

CASE NO. 08-12247
HON. LAWRENCE P. ZATKOFF

vs.

BRUCE HOCHMAN and FINE ART REGISTRY,

        Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on May 29, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant Bruce Hochman's ("Hochman") "Motion for Reconsideration of Denial of Dismissal of Defendant, Bruce Hochman" (Docket #55). The Court ordered Plaintiff to file a response, and Plaintiff has done so. The Court finds that the facts and legal arguments pertinent to Hochman's motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that Hochman's motion be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Hochman's motion is DENIED.

**II. BACKGROUND**

On December 18, 2008, the Court issued an Opinion and Order denying Hochman's motion to dismiss for lack of personal jurisdiction. The Court hereby incorporates by reference the factual matters set forth therein rather than restate them here. As necessary, the Court will discuss such

factual matters, as well as any "new" factual matters, in its analysis of Hochman's motion, *infra*.

### III. LEGAL STANDARD

Although Hochman has labeled his motion as one for reconsideration, the Court concludes that its analysis is not limited to the parameters of E.D. Mich. Local R. 7.1(g). A motion challenging the jurisdiction of the Court can be filed at any time and must be evaluated on the basis of whether the party is subject to the personal jurisdiction of the Court. Therefore, neither the ten day filing requirement nor the "palpable defect" review standard of Local Rule 7.1(g)(1) and (g)(3) apply.

Under Fed. Rule Civ. P. 4(e), the Court must look to the Michigan long-arm statute, M.C.L.A. § 600.715, to determine whether personal jurisdiction exists in the case at bar. M.C.L.A. § 600.715 provides, in pertinent part:

> The existence of any of the following relationships between an individual or his agent and the State shall constitute a sufficient basis of jurisdiction to enable a Court of record of this State to exercise limited personal jurisdiction over the individual and to enable the Court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:
>
> (1) The transaction of any business within the State.
>
> (2) The doing or causing any act to be done, or consequences to occur, in the state, resulting in an action for tort.

In *Sifers v. Horn*, 385 Mich. 195 (1971), the Michigan Supreme Court stated that the phrase "transaction of any business within the State" found in M.C.L.A. § 600.715 "means just what it says. It includes 'each' and 'every' . . . . It comprehends the 'slightest'" contact. *Id*. at 199 n.2. *See also Lanier v. American Bd. of Endodontics*, 843 F.2d 901, 905-906 (6th Cir. 1988). "However, constitutional concerns of due process limit the application of this state law." *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991) (citation omitted). A defect in the due process considerations "would foreclose the exercise of personal jurisdiction even where a properly construed provision of the long-arm statute would permit it." *Id.* The relevant criteria for due

process consideration (the "*Mohasco* requirements") are:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Theunissen*, 935 F.2d at 1460 (quoting *LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1299 (6th Cir. 1989), *cert. denied*, 494 U.S. 1056 (1990)) (citing *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

## IV. ANALYSIS

Hochman filed the instant motion after the Court issued an opinion granting former defendant Theresa Franks' motion to dismiss for lack of personal jurisdiction. The Court granted Ms. Franks' motion because Plaintiff did not allege that Ms. Franks engaged in activity in any role other than as an officer of the corporate defendant, Fine Art Registry ("FAR"). Hochman contends that he also is not subject to personal jurisdiction in this Court because his connections to the forum state are limited to his actions as an officer of his corporation, The Salvador Dali Gallery (the "Dali Gallery"). For purposes of this Opinion, the Court will assume that all actions of Hochman alleged by Plaintiff, except for granting the interview described below, were conducted on behalf of, and in Hochman's capacity as director of, the Dali Gallery. For the reasons that follow, however, the Court again concludes that Hochman is subject to personal jurisdiction in this Court.

Most significantly, the allegations against Hochman, as well as exhibits offered to the Court, demonstrate that Hochman acted in his individual capacity (and not as an officer of the Dali Gallery) in granting and participating in an interview with a FAR representative. In that interview, Hochman made a number of statements that, if false, could defame Plaintiff, including statements that Plaintiff was forging artwork and selling that artwork as authentic on cruise ships. The interview then was published on the FAR website and transmitted throughout the world, including to Michigan.

Accordingly, based on that interview alone, the Court concludes that Hochman's contacts

with Michigan are sufficient to authorize the Court's exercise of personal jurisdiction over Hochman pursuant to the Michigan long-arm statute, M.C.L.A. §600.715. *See Sifers, supra*.

As noted previously, however, the mere authorization of the laws of Michigan to exercise personal jurisdiction over a defendant is not sufficient; the *Mohasco* requirements also must be satisfied in order to prevent the deprivation of a defendant's due process rights. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 889 (6th Cir. 2002). Hochman argues that because "he has no personal business contacts with Michigan ... [and] gave one free interview with FAR[,] [t]hat is not, as a matter of law, sufficient to expect to be haled personally into the Michigan courts" (emphasis in original). Hochman cites no authority or case law in support of his conclusory statement. Again, the Court disagrees and, for the reasons that follow, concludes that due process will not be offended by the exercise of personal jurisdiction over Hochman.

Based on the website operated by FAR, the Court finds that FAR engages in global marketing of its services, including to residents of Michigan. As the "interview" between Hochman and Phillips was conducted for the purpose of being published on the FAR website such that Hochman's views on a Michigan corporation (Plaintiff), his Salvador Dali expertise and his name and the name of his business would be seen worldwide, the Court finds that Hochman purposefully availed himself of the privilege of acting in Michigan and/or causing consequences in Michigan as it relates to that interview. Therefore, the Court concludes that Hochman, in his individual capacity, has purposefully availed himself of the privilege of acting in the forum state or causing consequences in the forum state. As such, the first *Mohasco* requirement is satisfied.

Plaintiff's cause of action is for (a) defamation, (b) tortious interference with Plaintiff's business relationships, and (c) interference with prospective business advantage. Each claim is based on alleged defamatory statements by made Hochman and published on the FAR website. The alleged defamatory statements denied the authenticity of Salvador Dali artwork sold by Plaintiff, a Michigan corporation. If Plaintiff's allegations are true, such statements would cause injury to Plaintiff's business in Michigan. Accordingly, the Court concludes that Plaintiff's cause of action

4

arises from alleged activities of Hochman directed at, and which allegedly have caused consequences to occur in, the forum state.

The acts of Hochman and the consequences of his acts must have a substantial enough connection with Michigan to make the exercise of jurisdiction over Hochman reasonable here. *Air Products & Controls, Inc. v. Safetech Int'l Inc.*, 503 F.3d 544, 550 (6th Cir. 2007). Plaintiff alleges that, at least in part due to Hochman's statements in the interview, Plaintiff's customers are seeking to return artwork purchased from Plaintiff because such customers now believe the artwork is not authentic. For that reason and the reasons set forth above, Hochman should reasonably anticipate being haled into court in Michigan as a result of the alleged conduct in which he engaged (*i.e.*, the interview on the FAR website), for his "contacts with the forum proximately resulted from actions by the defendant himself that create a substantial connection with the forum state." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (internal citations omitted). In addition, "where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477. Hochman has not offered any such considerations for the Court to consider. Accordingly, the Court finds that Hochman's activity has established substantial enough connections with the State of Michigan such that it would be reasonable for the Court to exercise personal jurisdiction over Hochman.

For the reasons set forth above, the Court finds that Plaintiff has established a prima facie case that the Court's exercise of personal jurisdiction over Hochman would not offend due process. Accordingly, the Court denies Hochman's motion for reconsideration.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, Hochman's Motion for Reconsideration of Denial of Dismissal of Defendant, Bruce Hochman, is DENIED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff  
LAWRENCE P. ZATKOFF  
UNITED STATES DISTRICT JUDGE

Dated:  May 29, 2009

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 29, 2009.

                                            s/Marie E. Verlinde
                                            Case Manager
                                            (810) 984-3290