UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARK WEST GALLERIES, INC.,
a Michigan corporation,

       Plaintiff,

                                                  Case No.  2:08-CV-12247

v.

                                                  Hon. Lawrence P. Zatkoff

FINE ART REGISTRY, an Internet site          Mag. Virginia M. Morgan
based out of Arizona, and BRUCE HOCHMAN,
a California resident,

       Defendants.

and

PARK WEST GALLERIES, INC.,
a Michigan corporation,

       Plaintiff,

                                                  Case No.  2:08-CV-12274

v.

                                                  Hon. Lawrence P. Zatkoff

DAVID PHILLIPS,                             Mag. Virginia M. Morgan

       Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 10, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Plaintiff's Objections to the Order on Confidentiality

Order entered by Magistrate Judge Virginia Morgan on April 21, 2009 (Docket #61).  Defendants

Fine Art Registry ("FAR") and David Charles Phillips ("Phillips") have filed a joint response, to which Plaintiff has replied. The Court finds that the facts and legal arguments pertinent to Plaintiff's Objections are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the Objections be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Plaintiff's Objections are GRANTED.

## II. BACKGROUND

FAR operates a website dedicated to, in part, exposing fraudulent practices and unethical behavior in the art world. Phillips has written at least nine articles related to Plaintiff that were published on the FAR website, including one "interview" with Defendant Bruce Hochman, a person who claims to be one of the country's most knowledgeable experts on authentic Salvador Dali works. Plaintiff alleges that at least some of the statements made in the interview and the other articles published on the FAR website were false and defamatory as to Plaintiff, including statements by Phillips, Hochman and FAR (on its website) that some Salvador Dali artwork sold by Plaintiff was not authentic.

After Plaintiff filed a Motion for Protective Order, the parties agreed on all terms regarding the subject matter of a protective order, except one. In this case, Defendants have identified a number of pieces of art that were sold by Plaintiff in private sales. Defendants wish to obtain the amount Plaintiff paid to acquire each such piece of art (*i.e.*, how much Plaintiff paid for Item A itself, Item B itself, etc.) rather than an aggregate amount paid to each seller for all such artwork or a subgroup of such artwork. Plaintiff seeks to redact the prices it paid for the individual pieces of

art Defendants have identified as significant to this case. Instead, Plaintiff proposes that it produce: (1) gross pricing information for the artwork such that it will provide the gross purchase price paid for all the artwork it acquired from a particular seller, (2) the highest price and lowest price it paid for an individual piece of art from each seller (although not the particular piece of art to which the highest price and lowest price would correlate); and (3) the prices at which it sold each work of art. Magistrate Judge Morgan entered an Order adopting Defendants' position (*i.e.*, pricing information for the individual pieces of art could not be redacted). Plaintiff then filed its Objections to Magistrate Judge Morgan's Order.

### III. ANALYSIS

Fed. R. Civ. P. 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ."

Plaintiff asserts two reasons for its desire to preclude the disclosure of pricing information to the Defendants. First, Plaintiff argues that this is a defamation case about authenticity of artwork sold by Plaintiff. More specifically, Plaintiff argues that the case is "primarily about the Defendants['] defamatory statements that the artwork sold by [Plaintiff] is fake." Second, Plaintiff argues that Hochman and FAR are both direct competitors of Plaintiff. Plaintiff maintains that Hochman runs an art gallery specializing in the art of Salvador Dali (the very artiest whose works Defendants have represented Plaintiff is selling non-authentic pieces). Plaintiff also suggests that because FAR charges artists to list art for sale on the FAR website, FAR is compensated for the sale of artwork and is thus a competitor of Plaintiff. For these reasons, Plaintiff argues that if it has to

3

disclose its confidential pricing information, information that Plaintiff represents is the result of years of hard work and negotiations with sellers, it will harm Plaintiff in the industry and give Defendants (and others) an unfair competitive advantage.

Defendants (only FAR and Phillips have filed a response to Plaintiff's Objections) seek the individual price information because they believe that if Plaintiff paid nominal amounts for certain pieces of art, then Plaintiff would have known such art was not authentic. Defendants therefore argue they need the individual prices to determine whether Plaintiff's "assertions as to the value of the artwork could prove to have been knowingly false when made." Defendants note that this is a defamation action they are defending, and they assert they need to be able to get this information to build their defense(s) to such accusations. Defendants further argue that one of the major points of disagreement between FAR and Plaintiff is the valuation and appraisals Plaintiff offered on its artwork to customers, especially to the extent that Plaintiff grossly overstated the value of its artwork. Defendants argue that the gross pricing information proposed by Plaintiff would be relatively meaningless because Defendants would not be able to identify how much was paid for a particular piece of art, which is what Defendants need to be able to determine in assessing whether Plaintiff engaged in fraud. FAR also argues that it is not in a position to compete with Plaintiff. FAR and Phillips also indicate that they would be willing to not solicit business from any seller with whom Plaintiff asserts it has a beneficial relationship. Defendants do not discuss how disclosure of specific pricing information by Plaintiff would not be harmful to Plaintiff to the extent Hochman obtained such information.

In response, Plaintiff contends that its proposed method for providing pricing information would balance its interests in protecting confidential information with Defendants' interests in being

able to defend this action, for the following reasons. On the one hand, Plaintiff would not have to reveal the specific price at which it was able to purchase each piece of art, a price it believes is heavily affected by Plaintiff's particular relationship with the individual selling that piece of art. On the other hand, Plaintiff suggests the gross pricing information would still enable Defendants to assess whether Plaintiff paid such a low price for the art that it would know if the art was not authentic.

The Court concludes that the proposed method of price disclosure set forth by Plaintiff best balances the interests and needs of the parties. First, the Court finds that once Plaintiff releases such pricing information to Defendants, such pricing information cannot become unknown. Thus, Defendants (including Hochman, indisputably a direct competitor of Plaintiff) would gain an unfair competitive advantage with respect to purchasing art from the named sellers (and others). Second, the Court concludes that Defendants will be able to use the pricing information provided pursuant to Plaintiff's proposed method to demonstrate that the price paid by Plaintiff for a piece of art was substantially lower than the price for which that piece of art was sold by Plaintiff (if that is true).

For the reasons set forth above, the Court holds that Plaintiff's Objections to the Order on Confidentiality Order issued by Magistrate Judge Morgan are warranted and Plaintiff shall have the right to redact the price it paid to the seller for an individual piece of art. Thus, with respect to the pricing information to be provided by Plaintiff to Defendants, Plaintiff shall produce:

(1) the gross purchase price paid for all the artwork it acquired from a particular seller,

(2) the highest price and lowest price it paid for an individual piece of art from each such seller (although not the particular piece of art to which the highest price and lowest price would correlate); and

(3) the price at which Plaintiff sold each such work of art.

## IV.  CONCLUSION

Accordingly, and for the reasons set forth above, the Court GRANTS Plaintiff's Objections to Magistrate Judge Morgan's Order on Confidentiality Order.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  July 10, 2009

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 10, 2009.

S/Marie E. Verlinde
Case Manager
(810) 984-3290