UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARK WEST GALLERIES, INC.,

      Plaintiff,

vs.

BRUCE HOCHMAN and FINE ART
REGISTRY,

      Defendants.

_____/

CASE NO. 08-12247
HON. LAWRENCE P. ZATKOFF

PARK WEST GALLERIES, INC.,

      Plaintiff,

vs.

DAVID CHARLES PHILLIPS,

      Defendant.

_____/

CASE NO. 08-12274
HON. LAWRENCE P. ZATKOFF

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on August 3, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Amend Complaint (Case No. 08-

12247, Docket #75).  All parties have fully briefed the Motion.[1]  The Court finds that the facts and

_____

[1]Defendant Bruce Hochman and proposed defendant The Salvador Dali Gallery filed an
Ex-Parte Motion for Leave to File a Sur-Reply (Docket #95).  For the reasons set forth in the
brief in support of the Motion for Leave to File a Sur-Reply, the Court GRANTS the Motion for
Leave to File a Sur-Reply.  The Court has reviewed and considered the arguments set forth in the
proposed Sur-Reply in deciding Plaintiff's Motion to Amend, and the Court ORDERS that the
Sur-Reply be filed by Defendant Hochman and Defendant The Salvador Dali Gallery within five
(5) days of the date of this Opinion and Order.  As the arguments set forth in the Sur-Reply lack
merit, and because of the impending close of discovery, the Court shall not wait for any response
to the Sur-Reply Plaintiff might seek to file before the Court decides Plaintiff's Motion to
Amend Complaint.

legal arguments pertinent to the Motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments.  Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted, without this Court entertaining oral arguments.  For the reasons that follow, Plaintiff's Motion to Amend Complaint is GRANTED IN PART and DENIED IN PART and the scheduling orders in Case Nos. 08-12247 and 08-12274 are amended as set forth below.

## II.  BACKGROUND

Plaintiff filed Case No. 08-12247 against Fine Art Registry ("FAR"), Theresa Franks ("Franks") and Bruce Hochman ("Hochman") on May 22, 2008, and that case was assigned to this Court.  Plaintiff filed a similar action (Case No. 08-12274) arising out of essentially the same circumstances against David Charles Phillips ("Phillips") on May 27, 2008, and Case No. 08-12274 was reassigned to this Court pursuant to E.D. Mich. L.R. 83.11(b)(7).  Since the actions have been filed, the Court has decided the following motions in Case No. 08-12247:

1.  Motion to Dismiss filed by Hochman - Denied;

2.  Motion to Set Aside Default filed by FAR and Franks - Granted;

3.  Motion to Consolidate Cases 08-12247 and 08-12274 - Granted;

4.  Motion to Stay Discovery filed by Plaintiff - Denied;

5.  Motion to Quash Subpoena filed by third parties - Denied;

6.  Motion to Dismiss filed by FAR and Franks - Granted as to Franks and Denied as to FAR;

7.  Motion for Reconsideration of Denial of Motion to Dismiss Hochman - Denied; and

8.  Objection to Order on Confidentiality Order issued by Magistrate Judge Morgan - Granted.

In addition, the Court has issued an Opinion and Order denying Phillips' Motion to Dismiss in Case No. 08-12274, and a multitude of motions have been decided by Magistrate Judge Morgan.  On

April 23, 2009, the Court conducted a scheduling conference for both cases and, at the request of the parties (in particular, Plaintiff), the Court issued a scheduling order that provided for an accelerated discovery and trial schedule, including a requirement that discovery be completed by August 3, 2009.

Plaintiff filed the instant motion on June 18, 2009, seeking to amend its Complaint in three ways:

A.   Substitute Global Fine Art Registry, L.L.C. for Fine Art Registry as Defendant/Counter-Plaintiff.

B.   Add The Salvador Dali Gallery, Inc. ("the Dali Gallery") as a Defendant.

C.   Reinstate Franks as a Defendant.

The parties fully and timely completed briefing the motion on July 13, 2009 - three weeks before the date set by the Court for the close of discovery.


## III.  LEGAL STANDARD

In a case where a responsive pleading has been filed, a party may amend its pleading only with the written consent of the opposing party or by leave of the Court. FED. R. CIV. P. 15(a)(2). None of the present or proposed Defendants in either case concurs in Plaintiff's request; therefore, it is within the Court's discretion whether to grant Plaintiff's motion for leave to file an amended complaint.  Pursuant to Rule 15(a)(2), "leave shall be freely given when justice so requires."  A district court may deny a plaintiff leave to amend his or her complaint when the proposed amendment would be futile. *See, e.g., Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178 (1962)).


## IV.  ANALYSIS

**A.   Substitution of Global Fine Art Registry, L.L.C.**

Plaintiff claims that during the course of this litigation, it has learned that Global Fine Art

Registry, L.L.C. is the correct corporate name of the entity which controls the website "www.FineArtRegistry.com." None of the current or proposed Defendants in either case object to this amendment, and the Court finds that (1) this proposed amendment does not involve a substantive change, and (2) no prejudice would result to any party or proposed party as a result. The Court therefore grants Plaintiff's motion to amend with respect to substituting Global Fine Art Registry, L.L.C. for Fine Art Registry as a Defendant.

**B.      Addition of the Dali Gallery**

Hochman is the Gallery Director of the Dali Gallery. In his Motion for Reconsideration, Hochman asserted that all of the acts Plaintiff attributed to Hochman were performed by Hochman in his capacity as an officer of the Dali Gallery. On that basis, Plaintiff now seeks to add the Dali Gallery as a defendant. Plaintiff asserts that Hochman has admitted that he, as Gallery Director, performed a number of appraisals and then communicated to Plaintiff's customers that artwork they purchased from Plaintiff is fake. Plaintiff also asserts that in its newsletter (*The Salvador Dali Collectors Quarterly*), the Dali Gallery republished false statements made by others regarding the authenticity of artwork sold by Plaintiff. Hochman and the Dali Gallery contend that the proposed amendment adding claims against the Dali Gallery should be denied as futile.

*1.      Defamation Claims - The Appraisals*

Hochman and the Dali Gallery cite three substantive reasons why the appraisals performed by the Dali Gallery do not support a defamation claim against the Dali Gallery: (1) all but two appraisals conducted by the Dali Gallery were authored more than one year ago and thus fall outside the statute of limitations for a defamation claim, (2) the two appraisals authored within the one-year statute of limitations period do not mention or concern Plaintiff, and (3) all of the appraisals clearly and expressly state that they are opinions.

Hochman and the Dali Gallery correctly argue that all but two of the appraisals were made more than one year prior to June 18, 2009, the date the motion to amend was filed. Such appraisals were made on September 29, 2007, February 12, 2008, February 19, 2008, March 5, 2008, March

7, 2008, April 8, 2008, April 18, 2008 and April 30, 2008.  Under Michigan law, any defamation claim based on such appraisals is barred by the one-year statute of limitations. *See* MCL § 600.5805(9); *Mitan v. Campbell*, 474 Mich. 21, 24-25 (2005) ("A defamation claim accrues when 'the wrong upon which the claim is based was done regardless of the time when damage results.'") (quoting MCL § 600.5827).[2]  Thus, any defamation claim regarding the foregoing appraisals would be time-barred and futile.

Hochman and the Dali Gallery also correctly argue that the two appraisals authored within the one-year statute of limitations period (both were dated July 18, 2008) do not mention Plaintiff. As such, Plaintiff does not have standing to bring an action with respect to those two appraisals. *See, e.g.*, *Hawkins v. Mercy Health Services, Inc.*, 230 Mich.App. 315, 325 (1998) (to establish a claim of defamation, the first element a plaintiff must show is "a false or defamatory statement **concerning the plaintiff**") (emphasis added); *see also Rouch v. Enquirer & News of Battle Creek*, 440 Mich. 238, 251 (1992) (after remand).

Accordingly, for the reasons set forth above, the Court denies Plaintiff's motion to amend to add defamation claims against the Dali Gallery with respect to the appraisals it conducted.

> *2.        Defamation Claim - The Dali Gallery Newsletter Article*

The allegedly "false and defamatory statements made by FAR" in the Dali Gallery newsletter are not barred by the statute of limitations, as they were published at some point after September 9, 2008.  In reviewing the proposed Amended Complaint, the Court finds that Plaintiff has alleged all of the elements of a defamation claim with respect to the relevant article published in the Dali Gallery newsletter. *See Hawkins*, 230 Mich.App. at 325, which provides that to establish a claim of defamation, a plaintiff must show four elements:

1.        A false or defamatory statement concerning the plaintiff;

---

[2]Likewise, to the extent Plaintiff seeks to amend its complaint to allege that the Dali Gallery is liable for statements made by Hochman in an interview with Phillips that was published on the FAR website on November 6, 2007, such a claim would be barred by MCL § 600.5805(9).

2.        An unprivileged publication to a third party;

3.        Fault amounting to at least negligence on the part of the publisher; and

4.        Either actionability of the statement irrespective of special harm for defamation per se, or the existence of special harm caused by publication for defamation per quod.

Hochman and the Dali Gallery do not contest that the elements of defamation have been satisfied, but they argue that the article in the Dali Gallery newsletter was merely a faithful republication of an article that previously appeared on another website, www.ArtDaily.org. Thus, they argue that the Dali Gallery's publication is not actionable because the article, published in a publicly available journal article, is a publication "of a fair and true report of matters of public record . . ." MCL § 600.2911(3).

The Court is not persuaded by the interpretation of a "matter[] of public record . . ." offered by Hochman and the Dali Gallery. MCL § 600.2911(3) provides an exception to libel (defamation) actions for matters involving public records and proceedings (*i.e.*, court proceedings and documents, legislative materials, minutes of governmental entities/bodies, etc.). *See, e.g., Deutsch v. Berliner*, 2004 WL 1882653 (Mich.App., August 24, 2004); *Cross v. Detroit News, Inc.*, 2001 WL 865093 (Mich.App., July 31, 2001); and *Davidson v. Detroit Free Press, Inc.*, 1998 WL 1990398 (Mich.App., August 4, 1998). Hochman and the Dali Gallery have cited no authority to, and the Court has found no authority to, support the proposition that simply because the article is available to the public on the internet, the article is a "matter[] of public record" within the meaning of MCL § 600.2911(3). Accordingly, the Court finds that Plaintiff's motion to amend to add a defamation claim against the Dali Gallery would not be futile with respect to the publication of the article in the Dali Gallery newsletter.

Therefore, for the reasons set forth above, the Court grants Plaintiff's motion to amend to add a defamation claim against the Dali Gallery with respect to the article published in the Dali Gallery newsletter, as discussed above.

*3.      Non-Defamation Claims*

As Plaintiff states in its reply brief, the objections raised by Hochman and the Dali Gallery

fail to address the fact that the claims against the Dali Gallery in the amended complaint are not limited to defamation.  Rather, Plaintiff's proposed complaint also includes claims of (a) Tortious Interference, (b) Interference with Prospective Business Advantage and (c) Civil Conspiracy, all of which have a three-year statute of limitations period. *See* MCL 600.4805(10); *Terlecki v. Stewart*, 278 Mich.App. 644, 653 (2008).  In their Sur-Reply, Hochman and the Dali Gallery argue that because all three of these claims are based on time-barred defamatory statements, such claims would be futile as well.  As Michigan courts have held, however, an action alleging tortious interference with economic (business) relations is governed by the three-year statute of limitations, even if the unlawful interference was caused by allegedly defamatory statements. *See, e.g., Wilkerson v. Carlo*, 101 Mich.App. 629, 634 (1981).  Thus, none of these claims would be barred by an applicable statute of limitations, even if the defamation claim would be so barred.  Moreover, after a review of elements of each of these three claims, the Court concludes: (1) none of them require a determination that the Dali Gallery defamed Plaintiff, and (2) such non-defamation claims are pled sufficiently so as not to be futile.

Accordingly, the Court grants Plaintiff's motion to amend to add the following claims against the Dali Gallery: (a) Tortious Interference, (b) Interference with Prospective Business Advantage and (c) Civil Conspiracy, all of which have a three-year statute of limitations period.

**C.     Reinstatement of Franks**

On March 19, 2009, the Court dismissed Franks because the alleged actions attributable to Franks were performed in her capacity as an officer of FAR.  Plaintiff now maintains that discovery has shown that certain of the actions forming the basis of Plaintiff's cause of action were performed by Franks in her individual capacity.  Specifically, Plaintiff asserts that articles (also known as "posts") admittedly written by Franks on the FAR website under the screen name "farandaway" reflect her individual views, unlike posts written by Franks under the screen name "fineartregistry," which reflect her views on behalf of FAR.  In its brief in support of its motion, Plaintiff cites numerous posts made under the screen name "farandaway" which could be defamatory if they are

7

false.  For example, on October 3, 2007, a post stated "...the largest offender in my opinion is Park West Gallery and Park West at Sea. ... The decorative or poster art that they sell is anything but fine art - the vast majority of it is NOT original at all."

Franks argues that the proposed amendment should be denied as futile because there is still no personal jurisdiction over her.  Franks contends that Plaintiff cannot demonstrate that she took any relevant action in her personal capacity because posts made under the name "farandaway" were made on behalf of FAR.  Franks also cites the deposition testimony of Phillips, who testified that he believed that Franks was posting in her capacity as CEO when using the screen name "farandaway."  Franks also argues that the use of "FAR" as the initial part of "farandaway" demonstrates that she was acting on behalf of FAR when posting messages under that name.

Significantly, "the pleadings and affidavits submitted on a 12(b)(2) motion are received in a light most favorable to the *plaintiff*." *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991) (citations omitted) (emphasis added).  "[T]he court disposing of a 12(b)(2) motion . . . [cannot] weigh the controverting assertions of the party seeking dismissal." *Id*. (citations omitted).  Under that standard, the Court is not persuaded that Franks' use of the name "farandaway" unquestionably demonstrates that Frank was acting on behalf of FAR when posting under that name.  First, "farandaway" is not the only name Franks used to post writings on the FAR website.  Franks also posted under the name "fineartregistry."  A reasonable person might wonder why Franks would need to use "farandaway" to post on behalf of FAR if she also used another name.  Second, objectively speaking, "fineartregistry" is much more clearly associated with Fine Art Registry, which is the name FAR publishes under and identifies itself as on its website, in articles, etc.  Moreover, "fineartregistry" is made up of the words in the entity name.  On the other hand, while "far" constitutes the first three letters of "farandaway," that fact does not necessarily connote to other persons reading and responding to the posts that "farandaway" is a voice of FAR. Third, while the posts provided to the Court under the name "farandaway" demonstrate that "farandaway" was supportive of FAR, there is no indication that the person posting as "farandaway" was associated

with FAR.

Therefore, in viewing the pleadings, exhibits and affidavits submitted to the Court in a light most favorable to Plaintiff, the Court (1) cannot conclude that persons would necessarily think that an officer or owner of FAR was posting messages under the name "farandaway," and (2) finds that reasonable persons could conclude that Franks was acting in her individual capacity when posting under the screen name "farandaway."  For the foregoing reasons, the Court finds that Franks may be sued as an individual in this matter.

The Court now turns to whether Franks is subject to personal jurisdiction in this Court, an issue the parties previously briefed.

*1.      Michigan Long-Arm Statute and Due Process*

Under F.R.C.P. 4(e), the Court must look to the Michigan long-arm statute, MCL § 600.715, to determine whether personal jurisdiction exists in the case at bar.  MCL § 600.715 provides, in pertinent part:

> The existence of any of the following relationships between an individual or his agent and the State shall constitute a sufficient basis of jurisdiction to enable a Court of record of this State to exercise limited personal jurisdiction over the individual and to enable the Court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:
>
> > (1)  The transaction of any business within the State.
> >
> > (2)   The doing or causing any act to be done, or consequences to occur, in the state, resulting in an action for tort.

In *Sifers v. Horn*, 385 Mich. 195 (1971), the Michigan Supreme Court stated that the phrase "transaction of any business within the State" found in M.C.L.A. § 600.715 "means just what it says. It includes 'each' and 'every' . . . . It comprehends the 'slightest'" contact.  *Id*. at 199 n.2.  *See also Lanier v. American Bd. of Endodontics*, 843 F.2d 901, 905-906 (6th Cir. 1988).   "However, constitutional concerns of due process limit the application of this state law." *Theunissen*, 935 F.2d at 1459 (citation omitted).  A defect in the Due Process considerations "would foreclose the exercise

9

of personal jurisdiction even where a properly construed provision of the long-arm statute would

permit it." *Id.* The relevant criteria for Due Process consideration (the *Mohasco* requirements) are:

> First, the defendant must purposefully avail himself of the privilege
> of acting in the forum state or causing consequence in the forum
> state. Second, the cause of action must arise from the defendant's
> activities there. Finally, the acts of the defendant or consequences
> must have a substantial enough connection with the forum state to
> make the exercise of jurisdiction over the defendant reasonable.

*Theunissen*, 935 F.2d at 1460 (quoting *LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1299

(6th Cir. 1989), *cert. denied*, 494 U.S. 1056 (1990)) (citing *Southern Machine Co. v. Mohasco*

*Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

        2.      *Exercise of Personal Jurisdiction is Authorized*

        In Paragraphs 4, 16, 17 and 18 of its proposed Amended Complaint, Plaintiff alleges that

Franks has connections to Michigan, as follows:

> 4.      Since at least September, 2007, FAR and Franks have published
>         numerous false and defamatory statements about Park West which
>         were disseminated throughout the United States including Southfield,
>         Michigan. FAR and Franks essentially have attempted to destroy
>         Park West's goodwill and reputation by use of false and defamatory
>         statements. FAR and Franks have also interfered with existing
>         contractual relationships between Park West and its customers and
>         further interfered with Park West's prospective business
>         opportunities.
>
> 16.     Since at least August, 2007, Franks, acting in her individual capacity,
>         has posted statements in the forums on the FAR website under the
>         screen name "farandaway."
>
> 17.      Franks' posts, by nature of their appearance on the FAR website, have been
>         published worldwide, including within the State of Michigan.
>
> 18.     Franks' posts, as will be set forth in detail below, are defamatory toward Park
>         West and have caused Park West damages which it has suffered in Michigan.

        Based on documents filed with the Court, it is clear that Franks has frequently posted

statements that are critical of Plaintiff on the FAR website, including calling Plaintiff a pirate,

suggesting that Plaintiff would "slit[] your throats ...", stating that Plaintiff has been "bilking and

siphoning cruise goers" for 10 years, calling Plaintiff and its agents "snake oil salesmen ... preying

on the unwary" and stating that "it's likely that Park West Gallery has committed some kind of fraud

or intentional misrepresentation against the victim" and "Park West Gallery is a scourge . . . [with] bad business practices."

In authoring posts critical of a Michigan corporation for a worldwide audience, the Court finds Franks was "doing or causing an[] act to be done, or consequences to occur in [Michigan], resulting in an action for tort" (as has Plaintiff has filed here). *See Green v. Wilson*, 455 Mich. 342, 352 (1997) ("A plain language reading of those words reveals that either the tortious conduct or the injury must occur in Michigan").

For the foregoing reasons, the Court concludes that Franks' contacts with Michigan are enough to authorize the Court's exercise of personal jurisdiction over her pursuant to MCL § 600.715.

*3.      Due Process Not Offended*

As the Sixth Circuit has recognized, however, the mere authorization of the laws of Michigan to exercise personal jurisdiction over a defendant is not enough.  Rather,

> [i]n order to survive [a] motion to dismiss, [Plaintiff is] required to present a prima facie case that the . . . court's exercise of personal jurisdiction would not offend due process. [Plaintiff] therefore must establish with reasonable particularity sufficient minimum contacts with Michigan so that the exercise of jurisdiction over [Defendant] would not offend "traditional notions of fair play and substantial justice."

*Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 889 (6th Cir. 2002) (citations omitted).  If Plaintiff can satisfy the *Mohasco* requirements, *supra*, due process will not be offended.

**a.      Purposeful Availment**

Based on the website operated by FAR, Franks' posts were made worldwide, including to residents of Michigan.  In fact, according to Franks, approximately two percent (2%) of FAR's members are Michigan residents.  In posting comments about Plaintiff, a Michigan corporation, Franks has indicated that Plaintiff engages in unethical business practices and urged that "we must all do our part to educate the public about Park West Gallery's bad business practices[,]" including fraud.  Each of these activities involved purposeful, intentional activity that

11

created foreseeable harm to Plaintiff in Michigan.

Accordingly, for the reasons set forth above, the Court concludes that Franks has purposefully availed "[her]self of the privilege of ... causing a consequence in the forum state" of Michigan. *See Theunissen, supra*.

### b.      Cause of Action Connected to Michigan Activities

Plaintiff's cause of action against Franks is for (1) defamation, (2) tortious interference with Plaintiff's business relationships, (3) interference with prospective business advantage, and (4) civil conspiracy. Each claim is based on allegedly defamatory statements by Franks concerning the authenticity of artwork sold by Plaintiff, a Michigan corporation. If Plaintiff's allegations are true, Franks' statements were published worldwide, including to persons in Michigan. Moreover, such statements would cause injury to Plaintiff's business in Michigan. Accordingly, the Court concludes that Plaintiff's cause of action arises from alleged activities of Franks directed at, and which allegedly have caused consequences to occur in, the forum state of Michigan.

### c.      Substantial Connections

The acts of Franks and the consequences of her acts must have a substantial enough connection with Michigan to make the exercise of jurisdiction over Franks reasonable here. *Air Products & Controls, Inc. v. Safetech Int'l Inc.*, 503 F.3d 544, 550 (6th Cir. 2007). As discussed above, Franks took purposeful and intentional actions for which she should reasonably have anticipated being haled into court in Michigan because her "contacts with the forum proximately resulted from actions by the defendant himself that create a substantial connection with the forum state." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (internal citations omitted). Although Franks wrote the articles in Arizona and they were published on an Arizona company's website, the fact that the articles were written to criticize a Michigan corporation (*i.e.*, the allegedly defamatory statements were not an ancillary part of the articles) and be published on the internet, for worldwide viewing and consumption (as opposed to an article in a local publication), evidences

12

that there are substantial connections with Michigan. *See, e.g.*, *Bochan v. LaFontaine*, 68 F.Supp.2d 692 (E.D. Va. 1999).

       *4.*       *Conclusion*

Accordingly, for the reasons set forth above, the Court (a) finds that Franks has substantial enough connections with the State of Michigan such that it would be reasonable to exercise personal jurisdiction over Franks, and (b) concludes that amending the Complaint to reinstate Franks as a Defendant would not be futile. Accordingly, the Court grants Plaintiff's motion to amend to the extent it seeks to reinstate Franks as a Defendant.

**D.**      **Extension of Discovery**

Franks and the Dali Gallery also object to the delay they believe Plaintiff engaged in with respect to filing the Motion to Amend. As Franks argues, she discussed her posts under the name "farandaway" at a deposition taken on January 30, 2009, nearly five months prior to the filing of this motion to amend. The Dali Gallery argues that Plaintiff has been aware of Hochman's claim that he was acting on behalf of the Dali Gallery in performing appraisals since Hochman filed his Motion for Reconsideration on April 2, 2009, which was over two months before the motion to add the Dali Gallery was filed. For that reason, Franks and the Dali Gallery argued that the Court should deny the Motion to Amend. Although it is possible Plaintiff could have filed the Motion to Amend earlier, the Court finds that (1) any delay was not substantial, (2) the interests of justice weigh in favor of having all relevant persons involved in the underlying facts and circumstances as parties to this litigation, and (3) with an extension of the scheduling dates in this matter, as discussed below, Franks and the Dali Gallery will not be prejudiced by being added/reinstated at this time

Both Franks and the Dali Gallery propose that the scheduling order dates be extended by 90 days if added/reinstated as a party in this matter. The Court's March 19, 2009, Opinion and Order dismissing Franks was entered three months before the motion to amend was filed. Thus, although Franks participated in discovery at various times in her capacity as an individual and throughout this case in her capacity as party representative of FAR, she has not had reason to defend this action in

her individual capacity during the last four months of discovery, including the entire period since the Court conducted the scheduling conference in this case.  Likewise, the Dali Gallery asserts that Plaintiff has known for months the information upon which Plaintiff bases its motion to add the Dali Gallery as a defendant in this action.  The Court notes that the Dali Gallery has never been a party to this case and has not been represented at any stage of the proceedings.  The Court also notes that the discovery period closes the day this Opinion and Order is issued.  As a result, the Court finds that neither Franks nor the Dali Gallery has had or will have a meaningful opportunity to conduct discovery if the Court's current schedule is not extended.

Therefore, for the reasons set forth above, the Court concludes that an extension of the dates in the current scheduling order for these cases (Case Nos. 08-12247 and 08-12274) is necessary. In light of the fact that the parties attending the April 23, 2009, scheduling conference were afforded a "formal" discovery period of more than 100 days (as well as months prior to the scheduling conference during which to conduct discovery), the Court finds that an extension of approximately 90 days is appropriate at this time.  The new dates governing these cases are:

| | |
|---|---|
| Exchange Witness Lists: | October 16, 2009 |
| Fact Discovery Cut-off: | November 2, 2009 |
| Expert Discovery Cut-off: | November 30, 2009 |
| Dispositive Motion Cut-Off: | December 4, 2009 |
| Response due for Dispositive Motion: | December 23, 2009 |
| Reply due for Dispositive Motion: | January 3, 2010 |
| Exchange of Exhibits to be Made by: | January 15, 2010 |
| Joint Jury Instructions Due: | February 4, 2010 |
| Final Pre-Trial Conference: | February 4, 2010 |
| Trial | February 2010 Trailing Docket |

14

## V.  CONCLUSION

Accordingly, and for the reasons set forth above, Plaintiff's Motion to Amend Complaint is

GRANTED IN PART and DENIED IN PART.  Plaintiff is hereby ORDERED to file an Amended

Complaint in conformity with this Opinion and Order within five (5) days of the date of this Opinion

and Order.

IT IS SO ORDERED.


s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  August 3, 2009

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record
by electronic or U.S. mail on August 3, 2009.


s/Marie E. Verlinde
Case Manager
(810) 984-3290