UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARK WEST GALLERIES, INC.,

    Plaintiff/Counter-Defendant

CASE NO. 08-12247
HON. LAWRENCE P. ZATKOFF

vs.

BRUCE HOCHMAN, THE SALVADOR DALI
GALLERY, INC. and THERESA FRANKS,

    Defendants,

and

GLOBAL FINE ART REGISTRY, LLC,

    Defendant/Counter-Plaintiff.
_____/

PARK WEST GALLERIES, INC.,

    Plaintiff/Counter-Defendant,

CASE NO. 08-12274
HON. LAWRENCE P. ZATKOFF

vs.

DAVID CHARLES PHILLIPS,

    Defendant/Counter-Plaintiff.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on December 17th, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Park West Galleries, Inc.'s ("Park West") Motion to

Dismiss Counter-Complaint (Docket #s 67 and 121 in Case No. 08-12247).[1] Counter-Plaintiffs

---

[1] After this Motion was fully briefed, Park West sought, and the Court granted, leave to amend its Complaint and Park West filed an Amended Complaint. After FAR and Phillips filed a second, substantively identical Counter-Complaint, Park West essentially refiled its Motion to Dismiss Counter-Complaint. It is the second Counter-Complaint filed by FAR and Phillips that

Global Fine Art Registry, LLC ("FAR") and David Charles Phillips ("Phillips") filed a response, and Park West filed a reply.  The Court finds that the facts and legal arguments pertinent to the Motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments.  Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that this matter be resolved on the documents that have been filed in this matter, without this Court entertaining oral arguments.  For the reasons that follow, Park West's Motion to Dismiss Counter-Complaint is GRANTED IN PART and DENIED IN PART.

## II.  BACKGROUND

Park West filed Case No. 08-12247 against FAR, Theresa Franks ("Franks") and Bruce Hochman ("Hochman") on May 22, 2008, and that case was assigned to this Court.  On May 27, 2008, Park West filed a similar action (Case No. 08-12274) arising out of essentially the same circumstances against David Charles Phillips ("Phillips").  Case No. 08-12274 was reassigned to this Court pursuant to E.D. Mich. L.R. 83.11(b)(7), and the cases were consolidated.

Park West is a private art gallery that conducts business throughout the United States and, at least as it pertains to the sale of art on cruise ships, throughout the world.  Phillips is a writer who specializes in visual arts.  As it relates to this case, Phillips allegedly was hired as a contract writer by FAR, which operates a website dedicated to, in part, exposing fraudulent practices and unethical behavior in the art world.  Prior to the date Park West filed its initial Complaint, Phillips had written at least six articles assailing Park West's business practices, including one "interview" with Hochman, a person who claims to be one of the country's most knowledgeable experts on authentic Salvador Dali works.[2]  Park West alleges that at least some of the statements made in the Hochman

---

is addressed in this Opinion.

[2]Park West alleges that Defendant has published at least an additional six articles about Park West's business practices on the FAR website since the filing of the Complaint, as well as participating in the publication by FAR of a 48 minute video regarding Park West's business practices.

interview and the other articles authored by Phillips, all of which were published on the FAR website, were false and defamatory as to Park West.

In their Counter-Complaint, FAR and Phillips allege that Park West, as well as a number of its agents, employees and attorneys, have made defamatory statements about FAR and/or Phillips. These allegedly defamatory statements are discussed below.

### III. LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of the plaintiff's complaint. The Court must accept as true all factual allegations in the complaint, and any ambiguities must be resolved in the plaintiff's favor. *Jackson v. Richards Medical Co.*, 961 F.2d 575, 577 (6th Cir. 1992). A district court's grant of a motion to dismiss is proper when there is no set of facts that would allow the plaintiff to recover. *Carter by Carter v. Cornwall*, 983 F.2d 52, 54 (6th Cir. 1993).

### IV. ANALYSIS

In Count I of their Counter-Complaint, FAR and Phillips allege that Park West, through its agents and/or employees, has made numerous statements which are false and defamatory *vis-a-vis* FAR and Phillips. Park West argues that all such allegations should be dismissed as insufficiently pled and/or privileged.

**A.     Bernard Ewell, Tom Beamon, Jill Conner and Louis Postel**

FAR and Phillips allege that each of Bernard Ewell ("Ewell"), Tom Beamon ("Beamon"), Jill Conner ("Conner") and Louis Postel ("Postel"), while acting on behalf of or at the behest of Park West, made defamatory statements regarding FAR (See Paragraphs 18, 25, 28 and 32 of Counter-Complaint). In addition, FAR and Phillips allege that Ewell and Postel made defamatory statements regarding Phillips while acting as agents of Park West. In order to prevail on a defamation claim, a plaintiff must prove:

3

1.  A false and defamatory statement concerning plaintiff;

2.  An unprivileged publication to a third party;

3.  Fault amounting to at least negligence on the part of the publisher; and

4.  Either actionability per se or the existence of special harm.

*Rouch v. Enquirer & News (After Remand)*, 440 Mich. 238, 251 (1992). A plaintiff must specifically plead the defamatory statements on which the complaint is based. *Royal Palace Homes, Inc. v. Channel 7 of Detroit, Inc.*, 197 Mich.App. 84, 115-16 (1992).

In its Motion to Dismiss, Park West first argues that Ewell, Beamon, Conner and Postel were not acting on behalf of or at the behest of Park West when they made their statements. In support of that assertion, Park West has submitted the affidavit of Albert Scaglione, the CEO and founder of Park West ("Scaglione"). Scaglione states that none of Ewell, Beamon, Conner and Postel is, and none of them has ever been, an agent, principal or employee of Park West. Scaglione further states that Park West also has not authorized, directed or ratified statements made by Ewell, Beamon, Conner or Postel. As FAR and Philips argue, and as Park West acknowledges, if the Court were to consider the Scaglione affidavit, the Court would have to analyze Park West's motion to dismiss under Fed.R.Civ.P. 56 rather than Rule 12(b)(6). At this stage of the proceedings (prior to the close of discovery), however, the Court declines to consider the Scaglione affidavit or any other materials. Therefore, the Court analyzes Park West's motion to dismiss under the Rule 12(b)(6) standard.

The Court concludes that this case is not ripe for dismissal with respect to the claims involving Ewell, Beamon, Conner and Postel. The Court finds that the allegations of defamation pled by FAR and Phillips were sufficiently pled with respect to each of Ewell, Beamon, Conner and Postel. FAR and Phillips allege that each of those four persons was speaking to a third party on behalf of Park West when making remarks that allegedly were harmful, false and defamatory. Moreover, the Court notes that FAR and Phillips have alleged, with specificity, certain events which, if true and supported, would create a genuine issue of material fact as to whether each of these four persons was an agent of Park West.

For the foregoing reasons, the Court concludes that FAR and Phillips are entitled to engage in discovery to ascertain whether Ewell, Beamon, Conner and/or Postel were acting on behalf of Park West when they made the allegedly defamatory statements attributed to them.

**B.     Wikipedia Entry**

Park West asserts that "[i]n a remarkably absurd and baseless claim, FAR and Phillips seek to impose liability against Park West for allegedly defamatory statements posted under 'Fine Art Registry' on the website 'Wikipedia.'" The Court is aware, as Park West argues, that "Wikipedia is a widely used online encyclopedia and it is common knowledge that anyone can edit Wikipedia entries with virtual anonymity." The Court is not persuaded by Park West's assertion that "[c]learly there is no factual development which could prove that Park West was the 'publisher' of the Wikipedia entries." In analyzing this claim under the Rule 12(b)(6) standard, the Court finds that FAR and Phillips have sufficiently stated a claim upon which relief can be granted as they have alleged each of the elements required for a defamation action. Further, FAR and Phillips have argued that there is evidence that Park West has posted and edited information on the Wikipedia site. The Court concludes that FAR and Phillips have the right to engage in discovery to determine if that is true.

**C.     Park West Attorneys**

FAR and Phillips allege that two attorneys who work on behalf of Park West made defamatory statements for which Park West should be liable. First, they allege that Robert Burlington published the following statement to a FAR member:

> In reality, you have been deprived of the enjoyment of your art by FAR, Ms. Franks, and Bruce Hochman . . .You see, Bruce Hochman, the "authority" recommended to you by FAR and Ms. Franks, works hand in hand with FAR in its misguided crusade to harm Park West. It is a foregone certainty that he will declare your art either "fake" or "over priced" or both. That is why you were directed to his entities by FAR and Ms. Franks.

Next, they allege that Jaye Quadrozzi published the following statement to John Szostak, an attorney for a Park West customer:

5

> The information provided to you by these individuals and posted on the Fine Art Registry website and elsewhere is false. They have no credible or accurate source for their accusations, and have no experience or expertise in the area.

Park West first contends that both of these statements are protected by the "litigation privilege." The Court notes that it is well-settled law that "[s]tatements made by judges, attorneys, and witnesses during the course of judicial proceedings are absolutely privileged if they are relevant, material, or pertinent to the issues being tried." *Oesterle v. Wallace*, 272 Mich.App. 260, 264 (2006). Judicial proceedings include statements in settlement letters made after the commencement of litigation, so long as the statements are in the context of the litigation. *Id.* at 268. There is not, however, a general "litigation privilege[,]" as discussed in *Timmis v. Bennett*, 352 Mich. 355, 364-65 (1958) (emphasis added):

> While an attorney may not be held liable for statements, even though false and malicious, made during the course of a trial, or as a part of a judicial proceeding, he may not claim absolute immunity with respect to slanderous and libelous statements otherwise published. The extent and the limitations of the rule with reference to attorneys is indicated in the following statement in 33 Am.Jur., pp. 172, 173:
>
>> "In the United States the rule supported by the weight of authority is that attorneys conducting judicial proceedings are privileged from prosecution for libel or slander in respect of words or writings used in the course of such proceedings reflecting injuriously on others, when such words and writings are material and pertinent to the question involved, regardless of how false, malicious, or injurious they may be. Under the rule adopted by the American Law Institute, the statement is privileged if it has some relation to the proceeding in which it is uttered. An attorney at law has, therefore, a conditional privilege to make, during the progress of a trial, such fair comments on the circumstances of the case and the conduct of the parties in connection therewith as, in his judgment, seem proper, and it is not material, if the words are uttered in the course of a trial, whether in form they are addressed to a witness or to the court or jury, or are stated in the argumentative part of the attorney's brief. **But the privilege does not extend to slanderous expressions against counsel, parties, or witnesses, when the expressions have no relation to or bearing upon the issue or subject matter before the court. Nor are statements privileged if they are not uttered in the course of a judicial proceeding.** A repetition of privileged words uttered in the course of judicial proceedings, when no public or private duty requires an attorney to repeat them, may place him on the same footing as anyone else who utters defamatory statements concerning another."

6

Significantly, the *Timmis* court continued:

> In the case at bar the factual situation does not permit immunity from liability for libelous statements published by defendant, if they were in fact untrue and libelous, on the ground of an absolute privilege because of his professional status. <u>The letter on which this action was based was not a part of any case in court, or of any other judicial proceeding</u>. The fact that such a case was in contemplation does not alter the situation in this respect.

*Id.* As in the *Timmis* case, the attorneys' statements at issue in this case have nothing to do with the present litigation, nor are they related to any other action which had been filed in any court. The fact that the statement made by Ms. Quadrozzi was to another attorney in regard to a possible claim against Park West does not bring it within the scope of statements for which absolute "judicial proceeding" immunity would apply. Likewise, although the statement made by Mr. Burlington was in a settlement-type letter, there was no ongoing judicial proceeding upon which to base a defense of absolute immunity.

After reviewing the alleged statement of Mr. Burlington, however, the Court concludes that his statement does not contain any remarks which could be construed as defamatory, even if they were false. With respect to the statement by Ms. Quadrozzi, however, stating that information provided by FAR and Phillips "is false" and that "[t]hey have no credible or accurate source for their accusations" could be interpreted as defamatory, if such statements are false. Accordingly, the Court grants Park West's motion to dismiss with respect to the statements of Mr. Burlington but denies Park West's motion to dismiss with respect to the statement made by Ms. Quadrozzi.

**D.     Press Releases**

FAR and Phillips allege in their Counter-Complaint that two press releases (Exhibits V and W, attached to the Counter-Complaint) contain defamatory statements. Park West contends that these statements are protected by the "litigation privilege" and the "fair report privilege." Like the statements of Mr. Burlington and Ms. Quadrozzi, however, the statements in the two press releases at issue were not made as part of any judicial proceeding. Therefore, no privilege regarding judicial proceedings protects those press releases.

In Michigan, the "fair report privilege" is codified at M.C.L. § 600.2911(3) and protects accurate reports of official proceedings, even if the reported proceedings contain defamatory falsehoods. Upon reviewing Exhibit V (a "Courthouse News Service" article dated April 22, 2008), the Court finds that the article merely reports on a counter-complaint filed by Park West against FAR in Oakland County Circuit Court. Moreover, the allegedly defamatory language FAR and Phillips cite in their Counter-Complaint is, in fact, language contained in the initial Complaint filed by Park West in this case (Paragraph 23). As such, the Court concludes that the complained-of language in Exhibit V is privileged pursuant to M.C.L. § 600.2911(3) and grants Park West's motion to dismiss with respect to that article.

Park West contends that the language in Exhibit W (a "PR Newswire" article dated January 28, 2009) also was taken from Park West's "counterclaim" in the Oakland County action. The Court has not been provided with a copy of the counter-complaint in the Oakland County action, however, and cannot verify whether that contention is accurate. Unlike the complained-of language in Exhibit V, the allegedly defamatory language in Exhibit W is not contained in Park West's Complaint in this case. Therefore, the Court cannot conclude that Park West is entitled to the "fair report privilege" with respect to such article at this time. Accordingly, the Court denies Park West's motion to dismiss with respect to the language in Exhibit W.

**E.     Shapiro Statement**

FAR and Phillips allege that the following statement of Morris Shapiro, the Gallery Director of Park West ("Shapiro"), is defamatory: "Mr. Phillips does a great disservice to the art world in general and to the readers of The Artist's Magazine in particular." Like Park West, however, the Court concludes: (1) this statement is simply an opinion, (2) there is not any libelous or defamatory content in such statement, and (3) such statement does not constitute actionable defamation. Accordingly, the Court grants Park West's motion to dismiss with respect to the statement attributed to Shapiro.

8

**G.     Molina Statements**

FAR and Phillips allege the following statements were made by Albert Molina ("Molina"), a "high ranking employee" of Park West, and that such statements are defamatory *vis-a-vis* FAR:

> Relying on Terry Franks versions of "supposed" conversations she had - "who confirms 30 Park West customers have received refunds for art they felt wasn't worth the value paid" provides you with lies, not the truth.

and

> We can demonstrate through private investigators who we have retained that, even in the rare cases where a client has become unhappy, it is Terry Franks and Bruce Hochman who are lying to Park West clients about value and authenticity and attempting to poison them against Park West.

Park West contends that these statements lack specificity, but in each of those quotes attributed to Molina, Molina stated that "Terry Franks" lied or was lying. The Court finds that such statements (1) were specific, and (2) clearly constitute defamatory remarks. Park West next argues that these statements do not specifically pertain to FAR or Phillips. The Court agrees. Neither Phillips nor FAR is mentioned in either statement, each of which attacks the integrity of Terry Franks, a separate party to this action, with no allegation that her statements were made as a representative of FAR. Accordingly, the Court grants Park West's motion to dismiss with respect the allegations based on Molina's statements.

**H.     Statements Relayed by FAR Members**

FAR and Phillips allege that agents of Park West made the following defamatory statements to Guz Zucco, a client of FAR:

> Yesterday, I contacted Park West and spoke to someone named Leslie. I went over all my points with her and remained firm. She insisted that you were a frustrated internet company of ill repute, and that you also were being investigated by the FBI.

and

> Today, I spoke at length with a Mary Courson in Client Services. She (as you predicted) claimed that everything you told me was false, attempted to discredit Fine Art Registry and Bruce Hochman, saying that you were slandering Park West to further your own interests

9

> since you are a competitor (though I fail to make that connection, as I don't see you guys selling any Dali, Miro, etc on your site – I of course pointed that out to her).

Park West argues that these statements lack specificity because they do not contain false or defamatory statements about FAR or Phillips. Park West also argues that they are hearsay and unreliable. In evaluating these statements under the Rule 12(b)(6) standard, the Court cannot agree. The author of the email is identified and FAR and Phillips can depose him (and they have indicated their intent to do so). Whether the statements are unreliable is a question of fact, not a question of law. Finally, statements that FAR is of "ill repute" and is "being investigated by the FBI" constitute defamatory remarks. Likewise, if untrue, the statement that "everything [Phillips] told [the author] was false" would be defamatory. Accordingly, the Court denies Park West's motion to dismiss with respect to those statements.

Park West next argues that the following statements directed to Phillips and FAR, respectively, do not sufficiently form the basis for a claim upon which relief can be granted:

> I spoke with park west. They claimed the NY Times article was [a] freelance writer out to disparage them. They claimed you were disgruntled and were not very complimentary about you.

and

> We [Park West] understand that you have received information from sources including Terry Franks, Fine Art Registry, Frank Hunter, and David Phillips that you have relied on in requesting a refund. Although you have been misinformed, as a matter of client satisfaction, Park West is prepared to issue a refund...

The Court agrees with Park West. There is nothing about either of those statements that would defame Phillips or FAR. As to the first quote, stating that someone is disgruntled is not harmful, nor does it discredit or malign anyone. As to the second quote, the most that can be drawn from it that might be relevant is that FAR "misinformed" the person to whom Park West is addressing the statement. Saying that a party misinformed someone does not rise to the level of harming, discrediting or maligning that person. Accordingly, the Court grants Park West's motion to dismiss with respect to these two statements.

**J.      Counts II, III and V**

In addition to the defamation claim in Count I, FAR and Phillips set forth causes of action for Tortious Interference (Count II), Interference with Prospective Business Advantage (Count III) and Conspiracy (Count V).  Park West argues that because these three counts are premised upon the alleged defamation claims in Count I, they similarly must be dismissed pursuant to Rule 12(b)(6).  As the Court has concluded that there are a number of allegedly defamatory statements upon which FAR and Phillips may continue their action, however, the Court denies Park West's motion insofar as it seeks to dismiss Counts II, III and V.

**K.      Sanctions**

In its Motion, Park West requests that the Court impose sanctions against FAR and Phillips for "pleadings which are interposed for an improper purpose, such as to harass or to cause unnecessary delay or needlessly increase [] the cost of litigation . . ."  The Court declines that request for two reasons.  First, despite the caption of Park West's "Motion to Dismiss Counter-Complaint," Park West failed to mention the Lanham Act claim alleged in Count IV of the Counter-Complaint or argue why it should be dismissed.  Thus, even if the Court had agreed with all of the arguments in Park West's motion to dismiss and dismissed Counts I, II, III and V of the Counter-Complaint filed by FAR and Phillips, the Lanham Act claim in Count IV would remain.  Second, the Court has concluded that the majority of allegedly defamatory statements set forth in Count I of the Counter-Complaint are viable, as are the claims in Counts II, III and V.  Accordingly, the Court cannot conclude at this time that the Counter-Claim filed by FAR and Phillips was filed for "an improper purpose, such as to harass or to cause unnecessary delay or needlessly increase [] the cost of litigation . . ."

## V.  CONCLUSION

Accordingly, for the reasons and as discussed above, Park West's Motion to Dismiss Counter-Complaint is GRANTED IN PART and DENIED IN PART with respect to Count I and DENIED as to Counts II-V.


IT IS SO ORDERED.


        S/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated:  December 17, 2009

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 17, 2009.


        S/Marie E. Verlinde
        Case Manager
        (810) 984-3290