UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARK WEST GALLERIES, INC.,

    Plaintiff,

v.

GLOBAL FINE ART REGISTRY, LLC,
THERESA FRANKS, THE SALVADOR
DALI GALLERY and BRUCE HOCHMAN,

    Defendants.
    _____/

Case No. 2:08-cv-12247

Hon. Lawrence P. Zatkoff

PARK WEST GALLERIES, INC.,

    Plaintiff,

v.

DAVID CHARLES PHILLIPS,

    Defendant.
    _____/

Case No. 2:08-cv-12274

Hon. Lawrence P. Zatkoff

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on March 2, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Emergency Motion to Compel Global FAR, Theresa Franks, and David Phillips to Submit a Good Faith Witness List and Exhibit List (Docket #197). Global FAR, Theresa Franks and David Phillips (the "FAR Defendants") have filed a response. The Court finds that the facts and legal arguments pertinent to the Motion are adequately

presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART the Motion.

## II. BACKGROUND

Plaintiff has sued the FAR Defendants and others for defamation, interference with advantageous business expectancy and civil conspiracy. Plaintiff desired, and the parties agreed to, an accelerated trial schedule. After certain procedural delays, the consolidated cases were set for trial on March 15, 2010, with the Final Pretrial Conference scheduled for March 4, 2010. The Court's Scheduling Order, issued on May 14, 2009, requires the parties to submit a Joint Final Pretrial Order at the Final Pretrial Conference, which Joint Final Pretrial Order shall contain lists of trial witnesses and identify any evidentiary problems likely to arise at trial. There is no requirement, per se, to provide a list of exhibits in the Joint Final Pretrial Order.

On August 3, 2009, the Court issued an Opinion and Order that provided, in part, for a Final Pretrial Conference date of February 4, 2010, and required that an "Exchange of Exhibits [is] to be Made by: January 15, 2010[.]" On December 1, 2009, at the request of the parties, the Court entered a stipulated order that provided, among other things, that the Final Pretrial Conference would be adjourned one month, to March 4, 2010. The stipulated order did not expressly adjourn the date for exchange of exhibits.

## III. ANALYSIS

**A.     Witness List**

Plaintiff asks the Court to order the FAR Defendants to immediately pare down their witness list of approximately 127 persons (81 will-call witnesses and 46 may-call witnesses). Plaintiff asserts the sheer number of witnesses is unrealistic and not made in good faith because:

1. Plaintiff has but 20 witnesses on its list (11 will-call witnesses and 9 may-call witnesses);

2. The FAR Defendants' witnesses are from 19 states and 6 countries; and

3. Previous witness lists supplied by the FAR Defendants had only 123 witnesses.

Plaintiff asserts that it will be unduly prejudiced in preparation for trial if the FAR Defendants do not pare down their witness list.

The FAR Defendants argue that Plaintiff's request to pare down the witness list is merely an attempt to deprive them of a defense in a case where: (a) Plaintiff is seeking in excess of $40,000,000, (b) the FAR Defendants will need numerous witnesses to prove their absolute defense of truth, and (c) the FAR Defendants need to prosecute their counter-claims. The FAR Defendants further assert that the number of witnesses they need to call is dependent on the proofs put in by Plaintiff in its case-in-chief. They also note that the many states and countries from which witnesses will be called are reflective of Plaintiff's worldwide business.

The Court has reviewed the case law cited by Plaintiff in support of its request that the Court order the FAR Defendants to pare down their witness list. The Court is not persuaded that such case law or the interests of justice require the Court to issue such an order, nor is the Court persuaded that Plaintiff will be unfairly prejudiced if the FAR Defendants do not pare down their witness list. Plaintiff has brought a lawsuit alleging defamation where (1) the central issue is whether the statements of the FAR Defendants were false and defamatory, (2) there are three defendants

involved, and (3) Plaintiff is seeking to recover tens of millions of dollars. The Court therefore concludes that the interests of justice dictate that the FAR Defendants may elect to defend their case in the manner they see fit, subject to applicable laws and the federal rules of evidence and procedure.

The Court does, however, urge each and every party to pare down his, her or its witness list to reflect only those persons that he, she or it reasonably and in good faith anticipates calling as a witness in this case.

Accordingly, for the reasons set forth above, the Court denies Plaintiff's Emergency Motion insofar as it seeks a Court order directing the FAR Defendants to pare down their witness list.

**B.     Exhibits**

Plaintiff argues that although Plaintiff provided the FAR Defendants with actual copies of all exhibits to be used at trial, the FAR Defendants did not do the same. Plaintiff asserts that it has received only a flash drive containing 13,666 files of data and that it is unable to match up much of the data on the flash drive with the exhibit list provided by the FAR Defendants. Plaintiff further argues that the FAR Defendants have provided an exhibit list with approximately 650 exhibits on it, many of which are of a general or catch-all nature. For these reasons, Plaintiff seeks a Court order requiring the FAR Defendants to amend their exhibit list and provide copies of all associated documents in some organized fashion.

The FAR Defendants respond that: (1) the Court's law clerk told their counsel that they did not have to provide binders with hard copies on February 26, 2010, (2) they provided Plaintiff with a flash drive containing all of the exhibits on February 26, 2010, and (3) the files on the flash drive are easily identifiable. The FAR Defendants also argue that Plaintiff's exhibit list contains numerous exhibits of a general or catch-all nature.

4

The Court finds that this matter is governed by its prior orders. First, on May 14, 2009, the Court issued a Scheduling Order that provided for a trial date of October 6, 2009 (the date originally requested by the parties), and directed the parties to exchange copies of all exhibits 20 days beforehand, as follows (emphasis in original):

> 9. Parties are to exchange copies of all exhibits or divulge and permit an opportunity to review exhibits not capable of being copied, on or before September 15, 2009.
>
> **All proposed exhibits are to be jointly premarked and indexed. If the parties do not agree upon a proposed exhibit, any objections must be made in writing and submitted to the Court at least three (3) days before trial.**
>
> The parties shall furnish the Court with a copy of all proposed documentary exhibits **IN BINDERS,** with a typed index.

When the trial date was adjourned by the Court in its August 3, 2009, Opinion and Order, the Court entered a similar order to exchange exhibits approximately 20 days before the scheduled Final Pretrial Conference (*i.e.,* exhibits were to be exchanged by January 15, 2010, for a Final Pretrial Conference to be held on February 4, 2010). On December 1, 2009, the Court entered a stipulated order that adjourned the Final Pretrial Conference date by one month, to March 4, 2010. The stipulated order did not specify that exhibits were to be exchanged by a certain date.

Based on the foregoing, the Court makes two observations: (1) technically, the date to exchange exhibits was never adjourned from the January 15, 2010, date set forth in the August 3, 2009, Opinion and Order, and (2) even if a party were to argue that, because the Final Pretrial Conference date was moved from February 4, 2010, to March 4, 2010, the corresponding movement of the date to exchange exhibits should have moved correspondingly, the new deadline to exchange exhibits would have become February 15, 2010. Accordingly, the Court finds no reasonable

5

justification why it is being asked to resolve a dispute about the propriety of an exhibit exchange that occurred (or did not occur) on February 26, 2010 (at least 11 days and as many as 41 days after the Court so ordered).

The Court also notes that while its orders do not require parties to exchange exhibit binders with each other before trial, its Scheduling Order (paragraph 9, *supra*) does require each party to "exchange copies of all exhibits or divulge and permit an opportunity to review exhibits not capable of being copied[.]" The Court finds that the foregoing directive clearly and unequivocally requires the production of copies of all exhibits that are capable of being copied. The Court therefore ORDERS all parties to promptly and immediately produce copies of all exhibits to any other party who desires such copies; provided that, in any event, such copies shall be provided to all parties no later than 3:00 p.m. on Wednesday, March 3, 2010. The Court FURTHER ORDERS that each copy of an exhibit must be separately identifiable and correspond with the exhibit number and title set forth on the exhibit list provided by such party, whether such exhibit is put in a binder or not.

Finally, the discovery phase of this litigation concluded months ago. Therefore, in preparing the Joint Final Pretrial Order, the Court also ORDERS each and every party to (a) pare down its, his or her exhibit list to those exhibits it reasonably anticipates using at trial, and (b) eliminate those general or catch-all exhibits of the nature commonly associated with discovery requests or, in the alternative, carve up such general or catch-all exhibits and specifically identify the separate and identifiable portions of those "documents" to identify the admissible exhibit(s) therein.

For the reasons set forth in this Section III.B., the Court grants Plaintiff's Emergency Motion insofar as it seeks a Court order requiring the FAR Defendants to amend their exhibit list and provide copies of all associated documents in some organized fashion.

## IV. CONCLUSION

Accordingly, and for the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Emergency Motion to Compel Global FAR, Theresa Franks, and David Phillips to Submit a Good Faith Witness List and Exhibit List (Docket #197).

IT IS SO ORDERED.

                                        s/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated: March 2, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 2, 2010.

                                        s/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290