UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARK WEST GALLERIES, INC.,

    Plaintiff,

v.

Case No. 2:08-cv-12247

Hon. Lawrence P. Zatkoff

GLOBAL FINE ART REGISTRY, LLC,
THERESA FRANKS, THE SALVADOR
DALI GALLERY and BRUCE HOCHMAN,

    Defendants.
_____/

PARK WEST GALLERIES, INC.,

    Plaintiff,

Case No. 2:08-cv-12274

v.

Hon. Lawrence P. Zatkoff

DAVID CHARLES PHILLIPS,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on March 8, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on the following Motions in Limine:

1.    Plaintiff's Motion to Exclude Inadmissible Testimony by Defendant Franks (Docket #190).[1]

---

[1] All Docket Nos. set forth in this Opinion and Order refer to Case No. 08-12247.

2. Plaintiff's Motion to Exclude Testimony by Fact Witnesses About Matters of Law (Docket #191).

3. Plaintiff's Motion to Exclude All References to Motions in Limine (Docket #192).

4. Plaintiff's Motion to Exclude Expert Testimony Outside the Scope of Their Respective Reports (Docket #194).

5. Plaintiff's Motion to Exclude All Reference to Alleged Acts that Predate the Accrual of the Statute of Limitations (Docket #195).

6. Plaintiff's Motion to Exclude All References to "Costs" of Park West Art (Docket#196).

All parties were ordered to and had an opportunity to file a response to the motions set forth above. The Court finds that the facts and legal arguments pertinent the motions are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted, without this Court entertaining oral arguments. Each motion is addressed below.

## II. ANALYSIS

**A.  Exclude Inadmissible Testimony of Defendant Franks**

In this motion in limine, Plaintiff asks the Court to pre-emptively exclude categories of trial testimony Plaintiff believes will be offered by Defendant Theresa Franks ("Franks"). Plaintiff's belief as to the categories of testimony to be offered by Franks stem from a 26-page affidavit she recently prepared and filed as an exhibit in this matter. Specifically, Plaintiff seeks to exclude the following categories of testimony: (1) hearsay statements that have no indications of credibility and do not fall within any hearsay exception; (2) Franks' recounting of supposed rumors and gossip she

has "heard" about Plaintiff; and (3) Franks' own improper lay "opinions." Plaintiff then identifies: (a) 18 examples of what it contends are hearsay statements relied upon by Franks in preparing her affidavit, (b) 11 examples of what it contends are "compound and rambling 'opinions,' as to the facts in this case"; and (c) 8 examples of "legal opinions" that Plaintiff believes Franks intends to testify about at trial.

The Court finds that attempting to dissect the "testimony" that will be offered by Franks at trial would be an exercise in futility at this time. First, and most obviously, it is impossible to know what questions Franks will be asked at trial, as well as what answers she will give. Second, some of the statements identified will not be hearsay statements if Franks testifies about them at trial (*e.g.*, testifying about statements made by Park West agents or employees such as Albert Molina (party admissions) and stating that she talked to "hundreds of victims, art industry professionals, and members of the legal community, as well as law enforcement" (saying that she talked to other person(s) is not hearsay - what those persons said may be)). Plaintiff will have the opportunity to cross-examine her with respect to any such testimony, to the extent that it is admissible when offered.

Third, a lay witness is not automatically barred from offering certain opinion testimony. Pursuant to Fed.R.Evid. 701, a witness can give opinions that rationally flow from the witness's *own personal* experience. To the extent that Franks' "opinion" testimony is the result of her own personal experience (as opposed to relying on what others have said or done), it *may* be admissible. Fourth, Plaintiff has filed, in essence, a defamation action against Franks (and others). Within the rules of evidence, Franks will be entitled to put on a defense to prove that she did not defame Plaintiff. As such, while her testimony cannot be, and will not be permitted to be, based upon or

littered with inadmissible hearsay, it is possible that some out-of-court statements Franks wishes to testify about may not be hearsay at all or may fall within a hearsay exception.

For the foregoing reasons, the Court finds that it cannot make a global ruling on what is inadmissible hearsay a week before any testimony is offered. The Court therefore DENIES Plaintiff's motion in limine to exclude inadmissible hearsay by Franks [dkt 190].

As this motion (among others) demonstrates, however, it appears to the Court that the parties will spend a fair amount of time trying to introduce testimony that will elicit hearsay objections. Therefore, in the interests of minimizing the jury's time, the Court's time and the parties' time, as well as avoiding awkwardness and embarrassment for counsel and/or witnesses because objections are repeatedly overruled or testimony is routinely precluded/struck, the Court recommends that counsel: (1) adhere to the rules of evidence pertaining to hearsay, including the hearsay exceptions; (2) instruct their witnesses that the witnesses cannot testify about inadmissible hearsay, and (3) to the extent he or she objects on the basis of hearsay, object only to what is inadmissible hearsay.

**B.     Exclude Testimony by Fact Witnesses About Matters of Law**

Plaintiff asks this Court to preclude all parties from offering evidence or testimony by fact witnesses about matters of law, and any legal conclusions, including views that Plaintiff engaged in fraud or misrepresentation, or that it violated copyright or customs laws, or that it violated any standards governing art fraud.

Under Fed. R. Evid. 701, fact witnesses are prohibited from offering "expert type" testimony:

> "[T]he witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

4

Legal opinions, when offered by a non-lawyer lay witness, are both "incompetent and unpersuasive." *U.S. v. Canipe*, 569 F.3d 597, 603 (6th Cir. 2009). *See also Torres v. County of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985) ("The problem with [lay witness] testimony containing a legal conclusion is in conveying the witness' unexpressed, and perhaps erroneous, legal standards to the jury."). Lay witnesses may, however, give "testimony in the form of opinions or inferences [if it] is limited to those opinions or inferences which are . . . rationally based on the perception of the witness." *See* Fed. R. Evid. 701; *Fossyl v. Milligan*, 317 Fed.Appx. 467, 478-79 (6th Cir. 2009).

In this case, the Court GRANTS Plaintiff's motion to exclude lay witnesses from testifying in the form of opinions regarding legal conclusions or matters of law. Lay witnesses are precluded from stating that Plaintiff engaged in fraud or misrepresentation or violated any copyright or custom law. However, the Court DENIES Plaintiff's motion to the extent it seeks to preclude lay witnesses from testifying in the form of opinions regarding their rational, personal perception of events. Testimony that a witness feels wronged or defrauded, for example, is not a legal conclusion. Thus, Plaintiff's motion in limine to exclude testimony by fact witnesses about matters of law [dkt 191] is GRANTED IN PART and DENIED IN PART.

C.     **Exclude All References to Motions in Limine**

Plaintiff seeks to exclude all reference to the filing of, opposition to, or ruling on, all motions in limine filed in this matter. Defendants David Charles Phillips, Franks, and Global Fine Arts Registry, LLC (the "FAR Defendants") characterize this motion as "nonsensical and frivolous." They insist that such a motion is unnecessary because it is obvious that the motions cannot be referred to at trial. They assert, however, that they should be permitted to reference the motions and

rulings if Plaintiff attempts to manipulate evidence or statements based on the Court's rulings.

None of the parties cite any authority for their position other than the general relevancy rule, Fed. R. Evid. 403. The Court agrees that the motions are not to be directly discussed or mentioned by the parties in their presentations. This, however, does not preclude a party from referencing the substance of a ruling on a motion in limine to object to or impeach a manipulative or misleading statement or inference made by an opposing party or witness regarding the subject of a motion in limine (*e.g.*, a party may object to say that the testimony being solicited is precluded by a prior ruling by the Court).

Accordingly, Plaintiff's motion in limine to exclude all references to Motions in Limine [dkt 192] is GRANTED IN PART and DENIED IN PART.

**D.      Exclude Expert Testimony Outside the Scope of Their Respective Reports**

In this motion, Plaintiff asks the Court "to issue an Order in Limine precluding all experts in this case from extending their testimony beyond the opinions and bases timely disclosed in their F.R.Civ.P. 26(a)(2) reports." Plaintiff argues that "[w]hen an expert witness' testimony exceeds the scope of the opinion set forth in his Rule 26(a)(2)(B) report, it is appropriate to strike the portion of the expert's testimony that exceeds the opinions and grounds stated in the report."

Defendants argue that Plaintiff had an opportunity to depose Defendants' experts and fully explore the opinions of Defendants' experts and that, to the extent Plaintiff wants to preclude or limit opinion testimony not elicited by Plaintiff, it would contravene the interests of justice. Defendants also argue that a number of their expert witnesses are also expected to give fact testimony. Plaintiff

does not specify what the scope of any expert's testimony will be,[2] nor does Plaintiff explain how the testimony of a particular expert exceeds (or is expected to exceed) the scope of his or her report.

In accord with F.R.Civ.P. 26(a)(2)(B), the Court holds that the scope of any witness testifying in his or her capacity as an expert will be limited to the subject matter he or she timely disclosed in his or her Rule 26(a)(2)(B) expert report. Accordingly, the Court GRANTS Plaintiff's motion to exclude expert testimony outside the scope of their respective reports [dkt. 194].

In light of the parties' failure to do so in their Joint Final Pre-Trial Order, the Court hereby ORDERS the parties to, in a separate and stipulated filing to be made on or before March 10, 2010: (1) identify each expert witnesses who will or may be called; (2) identify the position/title of each such expert; (3) identify the scope of what each such expert's testimony shall be; and (4) specify whether any party objects to the qualifications of such expert to give expert opinions about the subject proposed.

### E.     Exclude All Reference to Alleged Acts that Predate the Accrual of the Statute of Limitations

Plaintiff asks this Court to preclude all references to any alleged actions that predate the accrual of the applicable statute of limitations. Specifically, Plaintiff is concerned that Defendants FAR and Phillips may attempt to introduce acts or omissions by Plaintiff that occurred before the applicable statute of limitations to show that those events constitute different parts of the injuries complained of, when Michigan law states that each act or omission by a party constitutes a separate

---

[2]Despite being directed to do so by the Court's law clerk on February 26, 2010, the parties generally did not identify in their Joint Final Pre-Trial Order those witnesses who would be called as experts and what the scope of their testimony would be ("The Joint Final Pre-Trial Order needs to conform to/comply with the requirements set forth on the last page of the Scheduling Order issued on May 14, 2009 (Docket #65). **In addition, with respect to each expert who is listed as a witness, you must identify [his or her] position, [his or her] expertise and the proposed scope of [his or her] expert testimony.**").

cause of action.

The FAR Defendants admit that parties may only assert causes of action, and damages on those causes of action, within the applicable statute of limitations. However, as Defendants note, Plaintiff has not provided any authority supporting the assertion that all evidence predating the applicable statute of limitations is inadmissible. Even accepting as true Plaintiff's assertion that each of its acts or omissions that occurred before the applicable statute of limitations give rise to separate causes of action, evidence of such acts or omissions may nevertheless be relevant to the claims that are not barred by the applicable statute of limitations. Since Plaintiff has not provided the Court with any authority to exclude such potentially relevant evidence, Plaintiff's motion in limine to exclude alleged acts that predate the accrual of the statute of limitations [dkt 195] is DENIED.

**F.      Exclude All References to "Costs" of Park West Art**

Plaintiff asks the Court to exclude: (1) all reference to the individual prices that Plaintiff has paid for works of art; and (2) all references to the fact that Defendants have attempted to obtain such information. Plaintiff believes that this motion will ensure that: (a) Defendants will abide by the Court's July 10, 2009, opinion and order [dkt 85]; and (b) Defendants will make no negative inferences regarding that decision.

Defendants collectively represent that employees of Plaintiff voluntarily provided them with individual-pricing information. Defendants suggest that the Court's July 10, 2009, opinion and order does not preclude them from presenting said evidence. They further contend that Plaintiff's alleged price-gouging is relevant to their defenses.

The Court finds that any reference to its July 10, 2009, opinion and order, or any inferences

8

regarding Plaintiff's duties under said motion, would be irrelevant and unduly prejudicial. *See* Fed. R. Evid. 402, 403. Therefore, the Court will exclude any reference to that order. The Court will take the remainder of Plaintiff's motion (*i.e.*, potential references to individual pricing) under advisement.

Accordingly, Plaintiff's motion to exclude all reference to "costs" of Park West art [dkt 196] is GRANTED insofar as Defendants may not refer to, or draw inferences from, the Court's July 10, 2009, opinion and order. The Court reserves a ruling on the issue of individual-pricing evidence.

### III. CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Exclude Inadmissible Testimony by Defendant Franks (Docket #190) is DENIED.

2. Plaintiff's Motion to Exclude Testimony by Fact Witnesses About Matters of Law (Docket #191) is GRANTED IN PART and DENIED IN PART.

3. Plaintiff's Motion to Exclude All References to Motions in Limine (Docket #192) is GRANTED IN PART and DENIED IN PART.

4. Plaintiff's Motion to Exclude Expert Testimony Outside the Scope of Their Respective Reports (Docket #194) is GRANTED.

5. Plaintiff's Motion to Exclude All Reference to Alleged Acts that Predate the Accrual of the Statute of Limitations (Docket #195) is DENIED.

6. Plaintiff's Motion to Exclude All References to "Costs" of Park West Art (Docket#196) is GRANTED IN PART and the Court reserves a ruling on the issue of individual-pricing evidence.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: March 8, 2010

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 8, 2010.

                                      S/Marie E. Verlinde
                                      Case Manager
                                      (810) 984-3290

S:\Zatkoff\Marie ECF\park west.motions in limine 1st group.saturday.wpd