UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARK WEST GALLERIES, INC.,

    Plaintiff,

v.

    Case No. 2:08-cv-12247

    Hon. Lawrence P. Zatkoff

GLOBAL FINE ART REGISTRY, LLC,
THERESA FRANKS, and BRUCE HOCHMAN,

    Defendants.
_____/

PARK WEST GALLERIES, INC.,

    Plaintiff,

    Case No. 2:08-cv-12274

v.

    Hon. Lawrence P. Zatkoff

DAVID CHARLES PHILLIPS,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on March 8, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on the following Motions in Limine:

1.    Plaintiff's Motion to Exclude Evidence Of, and Reference To, Criminal Investigations (Docket #189).[1]

---

[1] All Docket Nos. set forth in this Opinion and Order refer to Case No. 08-12247.

2. Motion to Exclude Introduction of Park West's Alleged Cruise Ship Related Damages, filed by the FAR Defendants (Docket #199).

3. Plaintiff's Motion to Exclude Certain Testimony of Damages Expert David Shindel (Docket #203).

4. Plaintiff's Motion to Exclude Certain Testimony of Carl Britton (Docket #205).

5. Plaintiff's Motion to Exclude Experts Never Identified (Docket #207).

6. Plaintiff's Motion to Exclude Expert Never Produced for Deposition (Docket #208).

7. Plaintiff's Renewed Motion for Partial Summary Judgment as to FAR and Phillips' Counterclaim or, in the Alternative, Motion in Limine #16 Relating to the Counterclaim (Docket #210).

8. Motion to Exclude Introduction of Park West's Alleged Cruise Ship Related Damages and to Strike or Limit Testimony of Plaintiff's Economic Loss Expert, Lawrence Simon, filed by Defendant Bruce Hochman ("Hochman") (Docket #220).

9. Motion to Exclude Reference to Expert, David Shindel's, Retention by Adult Entertainment Facilities, filed by Hochman (Docket #222).

All parties were ordered to and had an opportunity to file a response to the motions set forth above. The Court finds that the facts and legal arguments pertinent the Motions are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the Motions be resolved on the briefs submitted, without this Court entertaining oral arguments. Each motion is addressed below.

## II. ANALYSIS

**A.  Exclude Evidence Of, and Reference To, Criminal Investigations**

Plaintiff moves to exclude all evidence of, or reference to (1) a subpoena for information issued by the FBI to Plaintiff; and (2) any investigation by the FBI or any other governmental entity

regarding Plaintiff. Plaintiff maintains that such matters constitute hearsay, are irrelevant, and are overly prejudicial.

Hochman appears to concur in Plaintiff's motion so long as the Court applies the same rule to him, as he believes that Plaintiff will attempt to offer similar testimony regarding Hochman. The FAR Defendants, however, insist that such evidence is highly relevant to their defense. Moreover, they argue that by filing defamation claims, Plaintiff has itself put such evidence at issue. Finally, they contend that the evidence will not be hearsay because the investigating officers will testify from their personal knowledge of the investigations.

"The probative value of an ongoing criminal investigation is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury." *Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, Nos. 00 C 5658, 00 C 7086, 2003 WL 2005233, at *10 (N.D. Ill. Apr. 30, 2003). *Accord FDIC v. Palermo*, 815 F.2d 1329, 1337 (10th Cir. 1987) (describing mention of pending FBI investigation as "forbidden testimony"); *Rodgers v. Hyatt*, 697 F.2d 899, 901 (10th Cir. 1983) (affirming grant of new trial based on references to FBI involvement).

The Court finds that, despite the opinions of the FAR Defendants to the contrary, these justifications are equally compelling here. That the FBI, or any other governmental entity, has merely commenced an investigation does not assist Defendants in their truth defense, as there is no evidence that any conclusions or findings have been made in any such investigation. Presenting such evidence would therefore require the jury to predict the outcome of the pending investigations. Moreover, the FAR Defendants have presented no case law supporting their conclusion that the standards regarding this type of evidence are different in the defamation context.

The Court finds that the prejudice of evidence regarding ongoing criminal or governmental investigations substantially outweighs whatever probative value that evidence might yield. *See* Fed. R. Evid. 403. Accordingly, Plaintiff's motion to exclude evidence of, and reference to, criminal investigations [dkt 189] is GRANTED.

**B.     Exclude Introduction of Park West's Alleged Cruise Ship Related Damages and to Strike or Limit Testimony of Plaintiff's Economic Loss Expert, Lawrence Simon**

The FAR Defendants have filed a motion in limine [dkt 199] asking that the Court exclude evidence regarding Plaintiff's cruise-ship-related damages. Defendant Bruce Hochman has filed a similar motion in limine [dkt 220] seeking to exclude the cruise-ship damages and the testimony of Plaintiff's economic-loss expert, Lawrence Simon, as it relates to cruise-ship damages.

The Defendants collectively maintain that Plaintiff has, through binding admissions by its attorney, explicitly repudiated any intent to seek damages based on cruise-ship sales. Defendants also contend that they were unaware of Plaintiff's intent to seek cruise-ship related damages until Plaintiff released its damages report near the end of discovery, thereby denying any defendant a meaningful opportunity to seek discovery on this issue. Defendants request that any evidence relating to cruise-ship damages, including any such testimony by Mr. Simon, be excluded.

Plaintiff responds that it is not seeking damages regarding its relationships with the cruise lines. Instead, it seeks damages stemming from its relationships with cruise-ship passengers. Plaintiff maintains that it has provided Defendants with extensive discovery on that subject.

Each of Defendants' motions cite the deposition of Plaintiff's CEO, Albert Scaglione, in which Donald Payton, counsel for the FAR Defendants, is questioning Mr. Scaglione:

> Q:     I understand that the cruise ships do get a percentage of the art sales, correct?

4

A: That is correct.

Q: And I, from what I've read, it could be as high as 40 percent, is that correct, sir?

A: I'm not going to discuss that issue.

Q: So you won't —

Mr. Young: Incidentally, Don, I can tell you, I think this might help, the cruise ships are not a part of our damage model for what that's worth to you.

Mr. Payton: I'm sorry. What do you mean damage model?

Mr. Young: Damage model for the case.

Mr. Payton: Explain that to me.

Mr. Young: There, as I understand it, there is no component in the damage model for cruise ships sales.

\*\*\*

Q: So anything to do with percentages of sales from cruise ships, you're not prepared to answer, is that correct?

A: That's correct.

Scaglione Dep. at 39.

\*\*\*

Mr. Young: Well, we are not alleging that they have caused our inability to get new business from other cruise lines which was your question.

Mr. Payton: How would I know, Rodger? It just says perspective business.

Mr. Young: Your question to him was tell me the cruise lines that you're negotiating with or that are perspective

5

> > economic targets for Park West.
>
> Mr. Payton: If they're being interfered with.
>
> Mr. Young: We're not claiming that the cruise lines are being interfered with.
>
> Mr. Payton: Okay. What are you claiming?
>
> Mr. Young: Perspective cruise lines that we don't have. We are claiming that your clients [sic] false, misleading, defamatory statements have made serious inroads into our existing client base.

Scaglione Dep. at 63–64.

The parties also refer to Park West's response to the following interrogatory:

> 5. Produce all documents and other things that in any way relate to, reference or evidence any contract, treaty or other agreement that Plaintiff (or any of its affiliates or subsidiaries) has with any cruise line relating to the sale of artwork aboard cruise ships.
>
> **RESPONSE**: Park West objects to Request No. 5 on the grounds that it seeks the production of documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

"To qualify as judicial admissions, an attorney's statements must be deliberate, clear and unambiguous." *MacDonald v. General Motors Corp.*, 110 F.3d 337, 340 (6th Cir. 1997). Viewed individually, some of Mr. Young's comments at the deposition might reasonably be characterized as ambiguous regarding Plaintiff's position on cruise-ship damages. The context of the questioning, however, related to relationships and agreements between Plaintiff and the cruise ships, which makes Defendants' reading less plausible. Regardless, it cannot be said that Mr. Young's comments deliberately and clearly repudiated Plaintiff's intent to seek damages in relation to cruise-ship passengers.

6

Likewise, the cited interrogatory refers only to relationships or contracts with the cruise lines, and it does not mention passengers. The interrogatory thus provides no justification for excluding evidence of damages based on cruise-ship passengers.

If Defendants were unclear about Plaintiff's requested damages, Defendants could have clarified Plaintiff's position by means of a motion to compel or a dispositive motion, yet they did neither. Defendants' attempts to exclude evidence based on untimely or inadequate discovery are untimely at this juncture.

The Court finds that (1) Plaintiff did not repudiate its intent to seek damages relating to cruise-ship passengers; and (2) that the probative value of the evidence regarding Plaintiff's cruise-ship-passenger damages is not substantially outweighed by the danger of prejudice to Defendants, *see* Fed. R. Evid. 403. Accordingly, Defendants' motions in limine [dkts 199 & 220] are GRANTED insofar as they relate to Plaintiff's relationships with the cruise lines. The motions in limine are DENIED insofar as they relate to Plaintiff's relationships with the cruise-ship passengers. Mr. Simon will be permitted to testify consistent with this ruling.

**C.     Exclude Certain Testimony of Damages Expert David Shindel**

Plaintiff moves the Court to preclude Defendants' damages expert, David Shindel, from testifying "regarding the qualifications or expertise of Park West's expert Lawrence Simon, and from testifying regarding any damages allegedly suffered by FAR" and Phillips on their Counter-claim.

It is undisputed that it is the Court, not the jury, who will determine whether a witness is qualified to testify as an expert and give opinion testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999); *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). In this case, Mr.

Simon will be qualified as an expert (or will be rejected as an expert) by the Court before Mr. Shindel testifies. For both of these reasons, Mr. Shindel shall not testify or opine whether Mr. Simon is an expert in the evaluation of damages in this case.

Plaintiff also appears to be asking the Court to preclude Mr. Shindel from testifying "regarding Mr. Simon's capabilities and training, as well as his compliance with various rules of [the American Institute of Certified Public Accountants ("AICPA")], civil procedure, and evidence," because such testimony is not relevant to any issue that the jury must determine. The Court finds that determinations regarding the admissibility of any testimony Mr. Shindel may offer regarding Mr. Simon's capabilities and training, as well as Mr. Simon's compliance with various rules of AICPA, cannot be made until Mr. Shindel takes the stand at trial. Mr. Shindel is a CPA, not a lawyer, however, and he shall not testify as to any person's compliance, or lack thereof, with the rules of civil procedure, evidence or any other legal area.

FAR and Phillips have listed Mr. Shindel as their damages expert for their Counter-claims. In his final expert report, and as he stated at his second deposition, Mr. Shindel had no opinions regarding Phillips' alleged damages. As to FAR, Mr. Shindel's final expert report and his deposition testimony clearly reveal that his expertise was not necessary to a determination of FAR's damages. The only FAR damages identified by Mr. Shindel were $361,000 in attorney fees, an amount given to him by counsel for FAR, and $1,100,000 in Lanham Act (statutory) damages, also an amount given to him by counsel for FAR. Mr. Shindel acknowledged that no expert analysis was conducted and no independent opinion was given with respect to those amounts. As Mr. Shindel has not offered (and shall not offer) any expert analysis or independent opinion regarding damages incurred by FAR or Phillips, the Court concludes that there is no basis under Fed.R.Evid. 702 for Mr. Shindel

8

to testify as an expert with respect to their damages.

For the foregoing reasons, the Court GRANTS Plaintiff's motion in limine to exclude certain testimony of David Shindel [dkt 203] insofar as it seeks to preclude Mr. Shindel from testifying: (1) about whether Mr. Simon is an expert in the evaluation of damages, and (2) with respect to damages incurred by FAR and/or Phillips with respect to their Counter-claim. The Court reserves a ruling on any other testimony to be offered by Mr. Shindel regarding Mr. Simon.

**D.      Exclude Certain Testimony of Carl Britton**

Plaintiff has filed a motion in limine to exclude certain testimony of Defendants' expert witness, Carl Britton ("Britton"). Plaintiff specifically seeks to preclude Britton from testifying to the subjects discussed on pages one, two, and four of Britton's report, which Plaintiff characterizes as personal, rather than expert, opinions. Defendant Hochman filed a response in which he stipulates that only page three of Britton's report will be admissible at trial. The FAR Defendants concur in Defendant Hochman's response.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion in limine to exclude Britton's testimony based on pages one, two, and four of his expert report [dkt 205] is GRANTED.

**E.      Exclude Experts Never Identified**

Plaintiff moves the Court to preclude "proffered experts" Robert Descharnes and Alex Rosenberg, as well as any other "non-identified" experts, from testifying at trial because they were not timely identified as experts. Defendants respond that they: (1) do not intend to call Robert Descharnes or Alex Rosenberg as expert witnesses at trial, (2) intend to call as experts only those persons who have proffered expert reports in conformity with F.R.Civ.P. 26, and (3) do not intend to call any "unnamed experts," subject to the right to call rebuttal witnesses.

9

Accordingly, Plaintiff's motion to exclude experts never identified [dkt 207] is GRANTED.

**F.     Exclude Expert Never Produced for Deposition**

Plaintiff moves the Court to preclude "proffered expert" Enrique Sabater from testifying at trial because Defendants "refused to make him available for deposition." Defendants respond that they do not intend to call Enrique Sabater as an expert witnesses at trial. Accordingly, Plaintiff's motion to exclude expert never produced for deposition [dkt 208] is GRANTED.

**G.     Renewed Motion for Partial Summary Judgment**

On February 12, 2010, the Court granted in part and denied in part Plaintiff's motion for summary judgment on the Counter-complaint filed by FAR and Phillips. As it pertains to the instant motion, the Court denied Plaintiff's request to dismiss the Counter-complaint because FAR and Phillips had not identified any damages they had suffered. The Court also ordered that FAR and Phillips make their damages expert, Mr. Shindel, immediately available to Plaintiff for a second, continued deposition. Plaintiff now asks the Court to dismiss FAR's and Phillips' non-Lanham Act claims because Mr. Shindel has still failed to identify damages incurred by FAR and Phillips aside from: (1) the statutory damages permitted under the Lanham Act, and (2) attorney fees. Plaintiff asserts that FAR and Phillips are not entitled to recover attorney fees for their non-Lanham Act claims (defamation, tortious interference, interference with a prospective business advantage and conspiracy). The Court disagrees.

First, with respect to the defamation claims asserted by FAR and Phillips in the Counter-complaint, as well as the tortious interference and interference with a prospective business advantage claims asserted therein, FAR and Phillips have alleged that Plaintiff acted with malice. If FAR and Phillips can prove that Plaintiff acted with malice, they will be able to recover attorney fees as

damages with respect to their tortious interference claims. *See Brooks v. Rose*, 191 Mich.App. 565, 575 (1991); *Scott v. Hurd-Corrigan Moving &Storage Co., Inc.*, 103 Mich.App. 322, 347-48 (1981).

Likewise, if FAR and Phillips can prove Plaintiff acted with malice, they "may recover actual damages, including damages to reputation or feelings" (as opposed to merely economic damages) on their defamation claims. *Padgett v. Giovanii*, Case No. 242081, 2003 WL 23018768 (Mich. App., December 23, 2003) (citing *Glazer v. Lamkin*, 201 Mich.App. 432, 436-37 (1993) (discussing M.C.L.A. § 600.2911(2)(a). As there is no exact standard for fixing the compensation to be awarded for elements of damage such as harm to reputation or feelings, the Court finds the absence of a specified damage amount by FAR and Phillips is not fatal to their defamation claims.

Accordingly, for the foregoing reasons, as well as those set forth in the Court's February 12, 2010, Opinion and Order, Plaintiff's renewed motion for partial summary judgment as to FAR and Phillip's Counterclaim or, in the alternative, motion in limine #16 relating to the Counterclaim [dkt 210] is DENIED.

**H.     Exclude Reference to Expert, David Shindel's, Retention by Adult Entertainment Facilities**

Hochman moves the Court to preclude Plaintiff from attempting to introduce evidence that Mr. Shindel represents adult entertainment facilities because: (a) such representation is irrelevant to the claims and disputes at issue, and (b) such evidence would only serve to confuse and prejudice the jury, especially if Plaintiff is referring to his clients as "strip clubs." The Court concludes otherwise.

First, Hochman admits that some of Mr. Shindel's clients are adult entertainment facilities. Second, Hochman voluntarily retained Mr. Shindel as an expert. Third, as Mr. Shindel is going to be offered as an expert on damages, his qualifications regarding his business and accounting

experience are going to be a central issue with respect to whether he is recognized by the Court as an expert. Evidence regarding the type of business (*e.g.*, small, single location and/or cash based) will be relevant and probative as to his qualifications and capabilities to offer expert testimony as to Park West's damages in this case. As Plaintiff contends, "there is no realistic way to address his qualifications to serve as an expert damages witness in this case without exploring his past experience."

Fourth, the Court finds that such evidence's potential probative value far outweighs any prejudice that might result from its admission. The fact that Mr. Shindel provides accounting services to his clients, including those that are adult entertainment facilities, is probative. Moreover, in almost any case, the public image of some clients is bound to be less flattering than other clients. Moreover, any prejudice to Hochman because Mr. Shindel provides accounting services to adult entertainment is speculative. Therefore, the Court concludes that evidence of Mr. Shindel's adult entertainment clientele is not unfairly prejudicial pursuant to Fed.R.Evid. 403.

Accordingly, after weighing the probative value of evidence involving the accounting services Mr. Shindel provided to adult entertainment facilities against the potential prejudicial effect of such evidence, the Court concludes that, to the extent that such evidence is offered for the purpose of Mr. Shindel's competency to analyze and/or the credibility of his opinion on Plaintiff's damages, such evidence is admissible. For the reasons set forth above, Hochman's motion to exclude references to Mr. Shindel's retention by adult entertainment facilities [dkt 222] is DENIED.

### III. CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Exclude Evidence Of, and Reference To, Criminal Investigations (Docket #189) is GRANTED.

2. Motion to Exclude Introduction of Park West's Alleged Cruise Ship Related Damages, filed by the FAR Defendants (Docket #199) is GRANTED IN PART and DENIED IN PART.

3. Plaintiff's Motion to Exclude Certain Testimony of Damages Expert David Shindel (Docket #203) is GRANTED IN PART and the Court reserves a ruling on any other testimony to be offered by Mr. Shindel regarding Mr. Simon.

4. Plaintiff's Motion to Exclude Certain Testimony of Carl Britton (Docket #205) is GRANTED.

5. Plaintiff's Motion to Exclude Experts Never Identified (Docket #207) is GRANTED.

6. Plaintiff's Motion to Exclude Expert Never Produced for Deposition (Docket #208) is GRANTED.

7. Plaintiff's Renewed Motion for Partial Summary Judgment as to FAR and Phillips' Counterclaim or, in the Alternative, Motion in Limine #16 Relating to the Counterclaim (Docket #210) is DENIED.

8. Motion to Exclude Introduction of Park West's Alleged Cruise Ship Related Damages and to Strike or Limit Testimony of Plaintiff's Economic Loss Expert, Lawrence Simon, filed by Hochman (Docket #220) is GRANTED IN PART and DENIED IN PART.

9. Motion to Exclude Reference to Expert, David Shindel's, Retention by Adult Entertainment Facilities, filed by Hochman (Docket #222) is DENIED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: March 8, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 8, 2010.

s/Marie E. Verlinde
Case Manager
(810) 984-3290