UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARK WEST GALLERIES, INC.,

    Plaintiff,

v.

GLOBAL FINE ART REGISTRY, LLC,
THERESA FRANKS, and BRUCE HOCHMAN,

    Defendants.
_____/

Case No. 2:08-cv-12247

Hon. Lawrence P. Zatkoff

PARK WEST GALLERIES, INC.,

    Plaintiff,

v.

DAVID CHARLES PHILLIPS,

    Defendant.
_____/

Case No. 2:08-cv-12274

Hon. Lawrence P. Zatkoff

**OPINION AND ORDER**

Defendant Bruce Hochman ("Hochman") filed a timely Motion for Partial Reconsideration of his Motion for Summary Judgment (Docket #288). The Court entered an order allowing the other parties to respond within a specified time. Plaintiff filed a timely response. The Court finds that the facts and legal arguments pertinent to the Motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Hochman's Motion is DENIED.

## II. ANALYSIS

In its First Amended Complaint, Plaintiff alleged that Hochman had defamed Plaintiff, and in support thereof, Plaintiff set forth seven specific statements made by Hochman. On December 18, 2009, Hochman filed a Motion for Summary Judgment, arguing, in relevant part, that none of the seven statements could be actionable as a matter of law, because they were statements of his opinion, not statements of fact.

On February 26, 2010, the Court issued a 34-page Opinion and Order, wherein the Court stated, in relevant part:

> the following statements of Hochman are not opinion: (1) "We're seeing things, that are not listed in the official catalog of the graphic work of Dali by Albert Field, listed and sold as 'authentic' according to Park West. We know they're not"; (2) Park West is "selling fake art"; (3) "Park West is the bandit"; (4) "these works are false. ... the signatures [are] all the same. ... they're done with an auto pencil device"; and (5) Park West is applying some sort of Dali signature to the works to enhance their value, to make them look like they're something special or different." Therefore, the Court concludes that as the statements set forth in parts (1) - (5) of this paragraph are not subject to dismissal as mere opinions.

In his motion for reconsideration, Hochman contends that the language quoted by the Court in parts (4) and (5) does not accurately reflect the actual language from the relevant article with respect to those two statements. As Hochman recites in the instant motion,[1] the actual language of these two statements is (the language in bold was not included in the Court's February 26, 2010, Opinion and Order):

---

[1] The Court notes that the full quotation was set forth in Hochman's original motion and Plaintiff's original response, both of which were thoroughly reviewed and analyzed by the Court when it decided the original motion.

[4] **Where I also feel** these works are so false, **not only in Albert's book, but you look at** the signatures. They're all the same. **And we feel** they're done with an auto pencil device.

[5] **I feel and others feel** that Park West is applying some sort of Dali signature to the works to enhance their value, to make them look like they're something special or different.

Hochman argues that the bold language demonstrates that these statements were non-actionable opinions. *Relying on Gertz v. Robert Welch, Inc.*, 118 U.S. 323, 339 (1974) ("Under the First Amendment, there was no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas.")

Although *Gertz* provides that opinions are not actionable, subsequent U.S. Supreme Court law clearly provides that merely saying "I believe" or "I think" or "I feel" does not transform a statement into an opinion:

> If a speaker says, "In my opinion John Jones is a liar," he implies a knowledge of facts which lead to the conclusion that Jones told an untruth. Even if the speaker states the facts upon which he bases his opinion, if those facts are either incorrect or incomplete, or if his assessment of them is erroneous, the statement may still imply a false assertion of fact. Simply couching such statements in terms of opinion does not dispel these implications; and the statement, "In my opinion Jones is a liar," can cause as much damage to reputation as the statement, "Jones is a liar." As Judge Friendly aptly stated: "[It] would be destructive of the law of libel if a writer could escape liability for accusations of [defamatory conduct] simply by using, explicitly or implicitly, the words 'I think.'" [citation omitted] It is worthy of note that at common law, even the privilege of fair comment did not extend to "a false statement of fact, whether it was expressly stated or implied from an expression of opinion." Restatement (Second) of Torts, § 566, Comment *a* (1977).

*Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 18-19 (1990). As the statements in parts (4) and (5) suggest assertions of fact, the Court concludes that "couching such statements in terms of opinion

4

[and feeling] does not dispel these implications; and . . . can cause as much damage to reputation as the statement[s]" could cause without the prefatory language "I also feel" or "we feel" or "I and others feel."

For the foregoing reasons, the Court again concludes that Plaintiff may pursue its defamation claim as it pertains to statements in parts (4) and (5). Accordingly, Hochman's motion is denied.

### III.  CONCLUSION

Accordingly, and for the reasons set forth above, the Court hereby DENIES Hochman's Motion for Partial Reconsideration of His Motion for Summary Judgment (Docket #288).

IT IS SO ORDERED.

s/Lawrence P. Zatkoff<br>
LAWRENCE P. ZATKOFF<br>
UNITED STATES DISTRICT JUDGE

Dated: March 12, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 12, 2010.

s/Marie E. Verlinde<br>
Case Manager<br>
(810) 984-3290