UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARK WEST GALLERIES, INC.,

    Plaintiff,

v.

GLOBAL FINE ART REGISTRY, LLC,
THERESA FRANKS, and BRUCE HOCHMAN,

    Defendants.
    _____/

Case No. 2:08-cv-12247

Hon. Lawrence P. Zatkoff

PARK WEST GALLERIES, INC.,

    Plaintiff,

v.

DAVID CHARLES PHILLIPS,

    Defendant.
    _____/

Case No. 2:08-cv-12274

Hon. Lawrence P. Zatkoff

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on March 12, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on the following Motions in Limine:

1.     Plaintiff's Motion to Require Redaction of the Portions of Articles Offered into Evidence, which Comprise "First Party Narratives" (Docket #209).[1]

---

[1] All Docket Nos. set forth in this Opinion and Order refer to Case No. 08-12247.

2. Plaintiff's Motion to Exclude Newspaper Articles and Television Shows as Hearsay (Docket #211).

3. Motion to Preclude Plaintiff's Expert, Robert Wittman, filed by Defendant Bruce Hochman ("Hochman") (Docket #212).

4. Motion to Exclude Neil Lieberman Testimony, Deposition, Documents and Cross-Examination as to the Same, filed by Hochman (Docket #214).

5. Motion to Exclude Reference to Collateral Actions, Legal Disputes and Prior Claims, filed by Hochman (Docket #218).

6. Plaintiff's Motion to Limit Defendants to Damages Claims Revealed During Discovery Period (Docket #219).

All parties were ordered to and had an opportunity to file a response to the motions set forth above. The Court finds that the facts and legal arguments pertinent the Motions are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the Motions be resolved on the briefs submitted, without this Court entertaining oral arguments. Each motion is addressed below.

## II. ANALYSIS

### A. Require Redaction of the Portions of Articles Offered into Evidence, which Comprise "First Party Narratives"

Plaintiff asks this Court to issue an order requiring that all articles offered into evidence be partially redacted to exclude "first party narratives" and lay opinions regarding legal conclusions. Defendants intend to introduce articles that contain the allegedly defamatory statements. However, these articles also contain first party narratives, which are composed of stories and statements from individuals other than Defendants. The narratives were prepared as follows: the author of the article

spoke to individuals who relayed their stories to the author, and the author would then prepare the narratives based on the information he/she received. Plaintiff argues that these statements should be redacted to the extent they contain hearsay and to the extent they contain the opinion of non-experts regarding legal conclusions.

   1.   *Hearsay*

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). "Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." Fed. R. Evid. 802. In order to determine if a statement constitutes inadmissible hearsay, facts must be presented regarding the purpose for which the statement will be introduced and the identity of the declarant. If a statement is introduced for a purpose other than for the truth of the matter asserted, the statement is not hearsay. *See* Fed. R. Evid. 801(c). Similarly, if a statement was made by a party-opponent and is offered against that party, the statement is not hearsay. *See* Fed. R. Evid. 801(d). Furthermore, even if a statement constitutes hearsay, there is a long list of exceptions to the rule rendering hearsay inadmissible. *See* Fed. R. Evid. 803, 804, 807.

Here, Plaintiff raises the blanket assertion that all first party narratives constitute inadmissible hearsay and that no exception to the hearsay rule applies. However, Plaintiff has not provided the Court with any of the statements it seeks to redact, the purposes for which the statements will be introduced, or the identity of any of the declarants. Without this information, the Court is unable to evaluate the merits of Plaintiff's argument. The FAR Defendants, on the other hand, argue that a number of hearsay exceptions apply the to the narratives, and alternatively, that

the statements may be used for purposes other than for the truth of the matter asserted, such as notice, proximate cause, and damages. Given the lack of information presented in Plaintiff's brief, Plaintiff's motion to redact portions of Defendants' articles on hearsay grounds is DENIED.

2. *Lay Opinions*

Plaintiff also asks this Court to redact all portions of Defendants' articles to the extent non-experts state their opinions regarding legal conclusions and matters of law, including views that Plaintiff engaged in fraud or misrepresentation, or that it violated copyright or customs laws, or that it violated any standards governing art fraud.

Under Fed. R. Evid. 701, non-experts are prohibited from testifying in the form of opinions regarding legal conclusions or matters of law:

> [T]he witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Legal opinions, when offered by a non-lawyer lay witness, are both "incompetent and unpersuasive." *U.S. v. Canipe*, 569 F.3d 597, 603 (6th Cir. 2009). *See also Torres v. County of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985) ("The problem with [lay witness] testimony containing a legal conclusion is in conveying the witness' unexpressed, and perhaps erroneous, legal standards to the jury."). Lay witnesses may, however, testify in the form of opinions or inferences if the testimony is "rationally based on the perception of the witness," are helpful to a clear understanding of the witness' testimony or the determination of a fact in issue and are not based on scientific, technical, or other specialized knowledge within the scope of Rule 702 *See* Fed. R. Evid. 701; *see also Fossyl v. Milligan*, 317 Fed.Appx. 467, 478-79 (6th Cir. 2009)*; Figgins v. Advance Am. Cash*

4

*Advance Ctrs. of Mich.*, 482 F. Supp. 2d 861 (E.D. Mich. 2007).

Here, the Court GRANTS Plaintiff's motion to redact portions of Defendants' articles to the extent they contain the opinions of non-experts regarding legal conclusions and matters of law. Non-experts are precluded from stating that Plaintiff engaged in fraud or misrepresentation or violated any copyright or custom law. However, the Court DENIES Plaintiff's motion to the extent it seeks to redact the opinions of non-experts regarding their rational perception of events.

Accordingly, Plaintiff's motion in limine to require redaction of the portion of articles offered into evidence, which comprise "first party narratives" [dkt 209] is GRANTED IN PART and DENIED IN PART.

**B.     Exclude Newspaper Articles and Television Shows as Hearsay**

Plaintiff aks the Court to exclude all newspaper articles and television program segments that may be offered for admission into evidence on the ground that such evidence is inadmissible hearsay. Alternatively, Plaintiff argues that all newspaper articles and television programs should be excluded to the extent non-experts state opinions regarding legal conclusions. Plaintiff's motion does not apply to evidence that contains the alleged defamatory statements. Although Plaintiff does not specifically identify the articles it wishes to exclude, it appears to the Court that Plaintiff's present motion only seeks to exclude articles that were not published or authored by FAR or any of the Defendants.

*1.     Hearsay*

If offered for the truth of the matter asserted, newspaper articles and television clips constitute inadmissible hearsay. *See* Fed. R. Evid. 801(c). *See also Turner v. City of Taylor*, 412 F.3d 629, 652 (6th Cir. 2005) (finding newspaper article to be inadmissible hearsay); *U.S. v.*

*Hatchett*, 918 F.2d 631, 641-42 (6th Cir. 1990) (videotaped segment from a "60 Minutes" television broadcast constituted inadmissible hearsay). Defendants FAR, Franks, and Phillips argue that the articles are not hearsay because they are self-authenticating under Fed. R. Evid. 902(6), but the fact that the articles are what they purport to be does not mean they are not hearsay. However, as Defendants FAR, Franks, and Phillips argue, the newspaper articles and television clips do not constitute hearsay to the extent they are offered for purposes other than for the truth of the matter asserted, such as to prove notice, damages, or that a controversy existed. Therefore, Plaintiff's motion is GRANTED to the extent newspaper articles and television segments are offered into evidence to prove the truth of the matter asserted, and Plaintiff's motion is DENIED to the extent such evidence falls within one of the exceptions to the hearsay rule.

   2. *Lay Opinions*

As discussed in Part II.A.2., *supra*, non-experts are prohibited from testifying in the form of opinions regarding legal conclusions or matters of law, but non-experts may testify as to opinions based on their rational perception of events.

Therefore, the Court GRANTS Plaintiff's motion to exclude newspaper articles and television segments to the extent they contain the opinions of non-experts regarding legal conclusions and matters of law. However, the Court DENIES Plaintiff's motion to the extent it seeks to exclude the opinions of non-experts regarding their rational perception of events.

Accordingly, Plaintiff's motion in limine to exclude newspaper articles and television shows as hearsay [dkt 211] is GRANTED IN PART and DENIED IN PART.

**C.    Motion to Preclude Plaintiff's Expert, Robert Wittman**

Hochman has filed a motion in limine to preclude the testimony of Plaintiff's expert witness

Robert Wittman ("Wittman"). The FAR Defendants concur in the motion. Plaintiff has responded to the motion.

Wittman, who investigated art fraud for the FBI for 20 years, has investigated the authenticity of the Dali artwork at issue on Plaintiff's behalf. This investigation appears to consist mainly of interviews with persons associated with the Dali artwork at issue. In Wittman's deposition, he comments heavily on the credibility of those he interviewed as part of that investigation, and his conclusions appear to some extent to be based on his credibility determinations.

Defendants seek to preclude Wittman's anticipated testimony because they find it to consist of little but testimony that boosts the credibility of other witnesses or persons involved with the Dali prints. Defendants also state that Wittman has indicated that he is not an expert on Dali art, and that he is not an expert on handwriting or authentication techniques.

Plaintiff responds that Defendants have mischaracterized Wittman's testimony, and they maintain that he is qualified to offer his opinions based on his investigation of the alleged fraud. Plaintiff insists that Wittman is not testifying to the credibility of other witnesses.

The Court first notes that neither party has attached Wittman's expert report or curriculum vitae to the filings. This makes it extremely difficult for the Court to consider Wittman's credentials. Despite this, however, the Court will not prevent Plaintiff from attempting to qualify Wittman as an expert in art fraud investigations and to seek his opinions regarding Plaintiff's business practices in that regard.

Wittman may not, however, offer testimony regarding his views on the credibility of those he interviewed, regardless if such persons will testify at trial or not. *See Greenwell v. Boatwright*,

184 F.3d 492, 496 (6th Cir. 1999) ("[W]e agree with the plaintiffs that the testimony regarding the credibility of eyewitness testimony was improper. . . ."); *Johnson v. Baker*, 2009 WL 3486000 (W.D. Ky. Oct. 23, 2009) ("Expert testimony regarding witness credibility is generally considered improper.") (citing cases, including *Greenwell*). Therefore, assuming that Wittman qualifies as an expert, he may testify only to those portions of his investigation and knowledge of art fraud and Plaintiff's business practices, if any, that do not implicate the credibility of those he has interviewed.

Finally, concerning Defendants' request that Wittman's former-FBI status not be disclosed, the Court finds that request substantially mooted by this ruling. To the extent that it is not, however, the Court will not preclude such information, as an expert witness's testimony is based on his specialized training, knowledge, and experience. *See* Fed. R. Evid. 702. The jury will judge the expert's credibility in light of this information. The Court does not find persuasive Defendants' argument that the jury will put undo emphasis on Wittman's testimony, as *all* expert witnesses have some type of special training or background.

Accordingly, IT IS ORDERED that Defendant Hochman's motion in limine [dkt 212] is GRANTED insofar as Wittman may not testify to the credibility of those he interviewed. The motion is otherwise DENIED.

**D.     Exclude Neil Lieberman Testimony, Deposition, Documents and Cross-Examination as to the Same**

Hochman moves the Court to preclude the introduction of Neil Lieberman's ("Lieberman") testimony, deposition, documents and cross-examination because: (a) it would be irrelevant to the facts and claims at issue in this case, (b) it is inadmissible character evidence, and (c) even if it is relevant evidence, its probative value is substantially outweighed by the danger of unfair prejudice to Hochman. Plaintiff asserts that the subject matter of Lieberman's testimony is that Hochman

"likely committed recent insurance fraud,[2] [and] it also reveals [Hochman's] attempt to affect the testimony of a witness in this case."

As the Court stated in Section II.A. of the Court's March 10, 2008 Opinion and Order [dkt 286]:

> The Court finds that the relevance, if any, that Plaintiff's other legal disputes have in this action is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and considerations of undue delay and waste of time. References to other legal disputes would considerably extend the length of trial and force the Court to conduct trials within the trial.

Similarly, if the Court were to admit evidence of such insurance claims, the Court would have to conduct a "mini-trial" on whether Hochman committed fraud with respect to those insurance claims he filed that investigated were by Lieberman. Moreover, even if such evidence is at all relevant to the claims asserted against Hochman, the Court concludes that any such relevance is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, and considerations of undue delay and waste of time." Accordingly, Hochman's motion to exclude Lieberman's testimony, deposition, documents and cross-examination of the same [dkt 214] is GRANTED, except that Lieberman may be called as a rebuttal or impeachment witness.

**E.     Exclude Reference to Collateral Actions, Legal Disputes and Prior Claims**

Hochman moves the Court to preclude any party from referencing "other legal disputes, a stale and expunged misdemeanor from 20 years ago, and a couple of past insurance claims." Plaintiff agrees that neither the other legal disputes nor the 20-year old misdemeanor should be

---

[2]Lieberman is an insurance adjuster who investigated Hochman's claims involving the theft of two sculptures. The insurance carrier paid Hochman approximately $35,000 on the two claims.

9

presented to the jury. Plaintiff argues, however, that the issue of the past insurance claims should be admissible. The "past insurance claims" are the same insurance claims discussed, and determined to be inadmissible, by the Court in Section II.D. above. Accordingly, Hochman's motion to exclude reference to collateral actions, legal disputes and prior claims [dkt 218] is GRANTED.

**F.    Limit Defendants to Damages Claims Revealed During Discovery Period**

Plaintiff has filed a motion in limine to limit Defendants to only those damages revealed during the discovery period. Plaintiff contends that the only damages that Defendant FAR produced evidence of during discovery, including the Court-ordered second deposition of damages expert David Shindel, were attorney fees and statutory Lanham Act damages. Plaintiff further represents that Defendant Phillips produced no evidence of damages. Now, Plaintiff avers that the FAR Defendants first identified several new categories of damages in their final pre-trial order, including damage to reputation and professional fees.

The FAR Defendants respond that the defamation cause-of-action put Plaintiff on notice that such damages were being sought. They further contend that all damages contained in the final pre-trial order were presented to Plaintiff prior to Shindel's second deposition.

Rule 26 requires that a party must automatically disclose:

> a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]

Fed. R. Civ. P. 26(a)(1)(A)(iii). Non-disclosed discovery is subject to preclusion unless the failure to disclose was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The FAR Defendants do not allege that they properly disclosed the damages at issue in

10

compliance with Rule 26. They cite no authority holding that a prayer of relief contained in a pleading obviates the need for Rule 26 disclosures. Furthermore, to the extent they allege that Plaintiff was provided the categorized damages prior to Shindel's second deposition, the Court finds any such disclosure untimely, as the deposition occurred well after the close of discovery and pursuant to a Court order. The Court therefore finds that the FAR Defendants' failure to disclose any computation of damages other than Lanham Act damages and attorney fees was not substantially justified or harmless.

Accordingly, IT IS ORDERED that Plaintiff's motion in limine [dkt 219] IS GRANTED. The FAR Defendants may only seek those damages that were disclosed during discovery (*i.e.*, Lanham Act damages and attorney fees).

### III. CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Require Redaction of the Portions of Articles Offered into Evidence, which Comprise "First Party Narratives" (Docket #209) is GRANTED IN PART and DENIED IN PART.

2. Plaintiff's Motion to Exclude Newspaper Articles and Television Shows as Hearsay (Docket #211) is GRANTED IN PART and DENIED IN PART.

3. Motion to Preclude Plaintiff's Expert, Robert Wittman, filed by Defendant Bruce Hochman ("Hochman") (Docket #212) is GRANTED IN PART and DENIED IN PART.

4. Motion to Exclude Neil Lieberman Testimony, Deposition, Documents and Cross-Examination as to the Same, filed by Hochman (Docket #214) is GRANTED, except that Lieberman may be called as a rebuttal or impeachment witness.

5. Motion to Exclude Reference to Collateral Actions, Legal Disputes and Prior Claims, filed by Hochman (Docket #218) is GRANTED.

6. Plaintiff's Motion to Limit Defendants to Damages Claims Revealed During Discovery Period (Docket #219) is GRANTED.

IT IS SO ORDERED.

                                                      S/Lawrence P. Zatkoff
                                                      LAWRENCE P. ZATKOFF
                                                      UNITED STATES DISTRICT JUDGE

Dated: March 12, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 12, 2010.

                                                        S/Marie E. Verlinde
                                                      Case Manager
                                                      (810) 984-3290

S:\Zatkoff\Marie ECF\park west.motions in limine 4th group.wpd