UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARK WEST GALLERIES, INC.,

    Plaintiff,

v.

GLOBAL FINE ART REGISTRY, LLC,
THERESA FRANKS, and BRUCE HOCHMAN,

    Defendants.
_____/

Case No. 2:08-cv-12247

Hon. Lawrence P. Zatkoff

PARK WEST GALLERIES, INC.,

    Plaintiff,

v.

DAVID CHARLES PHILLIPS,

    Defendant.
_____/

Case No. 2:08-cv-12274

Hon. Lawrence P. Zatkoff

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on March 12, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

Today, Plaintiff filed an "'Objection' to Magistrate's Denial of Motion to Strike Jury; Alternatively, Motion for a New Venire Panel; and Alternatively, for Individual Examination of Jurors by Court to Determine Extent of Prejudice" (Docket #295). Defendants Global Fine Art Registry, LLC, Theresa Franks and David Charles Phillips filed a response. As the Court's ruling will not be impacted by any response that Defendant Bruce Hochman might file, the Court finds that

it need not wait for or give Defendant Hochman an opportunity to respond. The Court finds that the facts and legal arguments pertinent to the Motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, all relief requested by Plaintiff in the instant Motion is DENIED.

## II. ANALYSIS

Based on applicable law, the Court finds that it does not have jurisdiction to review Plaintiff's motion. Under 28 U.S.C. § 636(c)(1), a magistrate judge may conduct proceedings in a jury or nonjury civil matter and order entry of judgment in the case upon consent of the parties. In such cases, an aggrieved party may appeal the magistrate's decision directly to the appropriate United States court of appeals from the judgment of the magistrate in the same manner as an appeal from any other judgment in district court. 28 U.S.C. § 636(c)(3). *See also Feinthel v. Payne*, 121 Fed. Appx. 60, 62 (6th Cir. 2004) ("This court has jurisdiction to hear the appeal [from a magistrate's decision authorized by the parties' consent] pursuant to 28 U.S.C. § 636(c)(3)"). In the event the Court has jurisdiction to review this matter, however, the Court concludes that Plaintiff's request for relief is not warranted.

In this case, one of the jury venire (Mr. Whittaker), in the process of *voir dire*, stated in open court, "I bought over a hundred thousand dollars worth of work from Park West Gallery and had a horrible experience." Magistrate Judge Virginia Morgan, who was conducting the jury selection, immediately dismissed Mr. Whittaker for cause, without further comment.

2

Plaintiff's attorney subsequently conducted limited *voir dire*, at which time he asked the 16 potential jurors (from whom the 8 jurors selected for the case were derived) whether they could ignore the comment made by Mr. Whittaker about Park West and whether they could be fair and impartial. All jurors selected responded to Plaintiff's attorney that they could ignore the comment and decide the case based on the evidence presented.

Shortly thereafter, in the conference with Magistrate Judge Morgan to address peremptory challenges, Plaintiff's attorney orally moved, on the record, for a new venire panel. Magistrate Judge Morgan orally denied the Plaintiff's motion for a new venire panel.

After the 8 jurors were selected, Magistrate Judge Morgan instructed them that nothing said during the jury selection process was evidence or to be considered by them, including nothing that she said, nothing that the attorneys said and nothing that other members of the jury venire said.

Based on the foregoing, the Court concludes that Magistrate Judge Morgan correctly denied Plaintiff's motion to strike the venire panel. The selected jurors were asked if they could ignore the comment by Mr. Whittaker and decide the case based on the evidence presented. All selected jurors indicated that they could do so. Magistrate Judge Morgan instructed them that nothing said during jury selection, including comments of other potential jurors, was to be taken or considered as evidence in this case.

Accordingly, the Court holds that there is no evidence of prejudice to Plaintiff, that there is no basis to strike the jury venire, that there is no basis for selecting a new venire panel and that there is no need for the Court to conduct an individual examination of the selected jurors to determine the extent of prejudice.

### III. CONCLUSION

Accordingly, and for the reasons set forth above, the Court hereby DENIES Plaintiff's Motion (Docket #295).

IT IS SO ORDERED.


                                S/Lawrence P. Zatkoff
                                LAWRENCE P. ZATKOFF
                                UNITED STATES DISTRICT JUDGE

Dated: March 12, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 12, 2010.


                                S/Marie E. Verlinde
                                      Case Manager
                                      (810) 984-3290