UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARK WEST GALLERIES, INC.,
a Michigan corporation,

    Plaintiff,

v.

GLOBAL FINE ART REGISTRY, L.L.C.,
an Internet site based out of Arizona,
BRUCE HOCHMAN, a California resident,
and THERESA FRANKS, an Arizona resident,

    Defendants/Counter-Plaintiff.

_____

PARK WEST GALLERIES, INC.,
a Michigan corporation,

    Plaintiff,

v.

DAVID CHARLES PHILLIPS,
a Washington resident,

    Defendant Counter-Plaintiff

Case No. 2:08-CV-12247

Hon. Lawrence P. Zatkoff
Mag. Virginia M. Morgan

**GLOBAL FINE ART REGISTRY, L.L.C., THERESA FRANKS AND DAVID CHARLES PHILLIPS' MEMORANDUM OF LAW IN SUPPORT OF THEIR DIRECTED VERDICT MOTION**

Case No. 2:08-cv-12274

Hon. Lawrence P. Zatkoff
Mag. Virginia M. Morgan

_____/

RODGER D. YOUNG (P22652)
JAYE QUADROZZI (P71646)
**Counsel for Park West**
26200 American Drive, Suite 305
Southfield, MI 48034
248.353.8620/fax 248.353.6559

IAN C. SIMPSON
**Counsel for Bruce Hochman**
1111 W. Long Lake
Troy, MI 48098-6333
248.641.7600/fax 248.641-0222

DONALD L. PAYTON (P27388)
LAWRENCE C. ATORTHY (P44751)
JONATHAN H. SCHWARTZ (P70819)
*Attorneys for Global FAR, Franks,
and David Charles Phillips*
308933 Northwestern Hwy., Ste. 200
Farmington Hills, MI 48334
248.626.5000/fax 248.626.2843

1

## GLOBAL FINE ART REGISTRY, L.L.C., THERESA FRANKS AND DAVID CHARLES PHILLIPS' MEMORANDUM OF LAW IN SUPPORT OF THEIR DIRECTED VERDICT MOTION

NOW COME Defendants, Global Fine Art Registry, L.L.C. [hereinafter "FAR"], Theresa Franks, and David Charles Phillips, by and through their attorneys, KAUFMAN, PAYTON, & CHAPA, and for their Memorandum of Law In Support of their Direct Verdict Motion, state as follows:

1. Plaintiff Park West Galleries, Inc. filed this matter against Defendants FAR, Franks and Phillips in an attempt to silence them after these Defendants: (1) reported on the questionable business tactics of Plaintiff; (2) profiled victims of Plaintiff's sale of fraudulent, overpriced, and forged artwork; and (3) provided a forum for the public to discuss the activities of Plaintiff.

2. Plaintiff has presented all of its proofs, and has been unable to show that ANY of Defendants' statements were untrue.

3. Defendants have presented more than two dozen witnesses – including victims of Park West, former employees and agents of Park West, and experts (Dali experts, the only forensic handwriting expert testifying in this case, and an expert gallery owner who testified about Park West's deceptive practices) – who have all provided additional support for the statements made by Defendants about Park West.

4. In addition to failing to prove liability, Plaintiff's has completely failed to prove damages as a result of Defendants' actions.

5. Plaintiff's entire damage model was speculative, deficient of essential considerations such as the downturn in the economy, and entirely fabricated by an activist damage expert.

2

6. Defendants have moved for a directed verdict because Plaintiff has failed to prove damages stemming from the conduct of Defendants, and Plaintiffs' damage model is entirely speculative.

7. Plaintiff's damage expert, Lawrence Simon, admitted that: (1) he failed to take into account the downturn in the economy - which Defendants' expert David Shindel has proven to have caused any alleged damages of Plaintiff - and instead blamed all losses on Defendants; (2) he began calculating alleged damages months before Defendants ever began writing about Plaintiff; (3) he failed to take into account relevant data in calculating damages including demographics, cruise ship size, similar losses in revenue by the cruise lines, and the downturn in global sales of art; (4) he failed to take into account other causes of potential damages to Plaintiff, including Plaintiff's own conduct, the numerous other websites, blogs, and media reports which made negative statements about Plaintiff[1]; and (5) he included in his damage calculation alleged damages to entities other than the Plaintiff Park West Galleries, Inc., including totally distinct entities such as Park West at Sea.

8. Further, while Plaintiff's expert Mr. Simon testified at trial that these Defendants were the only cause of damages to Plaintiff, he has authored a damage report in another case - pending in the Oakland County Circuit Court entitled *Best, et. al. v Park West Galleries, Inc., et. al.* – where he blamed the same exact 46 million dollars plus in alleged damages on customers of Park West who wrote negative things about Park West online.

---

[1] The day after Park West's CEO Albert Scaglione denied paying off the website RipOffReport.com to suppress negative report (or paying that website any money), Park West owner Albert Molina admitted that Park West pays RipOffReport.com monthly. Mr. Scaglione's perjury was intended to cover up the fact that other websites than Fine Art Registry have been writing about Park West, and that Park West is actively paying off entities to stop reporting about Park West.

9. Mr. Simon's damage calculation was also deficient because he relied on the "but-for" method of calculating alleged damages, but failed to investigate other methods of calculation including the yardstick and the before and after method of calculating damages, which should have all been considered.[2]

10. Had Plaintiff's experts investigated other methods of calculation, as was required for an independent – as opposed to an activist – expert report, and had he taken into account relevant variables such as the economy and the downturn in the global art market, he would have come to the same conclusion as Defendant's expert; that Park West cannot prove any losses as a result of Defendants' conduct.

11. Plaintiff failed to show: (1) that Defendants were the cause of its damages, if any; and (2) the amount of actual damages allegedly caused by Defendants' conduct.

12. As a general rule, "damages are not permitted which are remote and speculative in nature." *Agricultural Servs. Ass'n. v. Ferry-Morse Seed Co.*, 551 F.2d 1057, 1072 (6th Cir. 1977).

13. Plaintiff's alleged damages are entirely speculative, and fabricated, and therefore Plaintiff should be barred from making a claim for or being awarded any of its alleged over $46 million dollars in damages.

KAUFMAN, PAYTON & CHAPA, P.C.

/s/ Donald L. Payton
DONALD L. PAYTON (P27388)
*Counsel for Global FAR, Franks, Phillips*

Date: April 16, 2010

---

[2] Defendants' damage expert determined that the but-for method used by Mr. Simon was not a proper mothod to use in this case.

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARK WEST GALLERIES, INC.,
a Michigan corporation,

       Plaintiff,

v.

GLOBAL FINE ART REGISTRY, L.L.C.,
an Internet site based out of Arizona,
BRUCE HOCHMAN, a California resident,
and THERESA FRANKS, an Arizona resident,

       Defendants/Counter-Plaintiff.

Case No. 2:08-CV-12247

Hon. Lawrence P. Zatkoff
Mag. Virginia M. Morgan

**BRIEF IN SUPPORT OF GLOBAL FINE ART REGISTRY, L.L.C., THERESA FRANKS AND DAVID CHARLES PHILLIPS' MEMORANDUM OF LAW IN SUPPORT OF THEIR DIRECTED VERDICT MOTION**

PARK WEST GALLERIES, INC.,
a Michigan corporation,

       Plaintiff,

v.

DAVID CHARLES PHILLIPS,
a Washington resident,

       Defendant Counter-Plaintiff

Case No. 2:08-cv-12274

Hon. Lawrence P. Zatkoff
Mag. Virginia M. Morgan

---

RODGER D. YOUNG (P22652)
JAYE QUADROZZI (P71646)
**Counsel for Park West**
26200 American Drive, Suite 305
Southfield, MI 48034
248.353.8620/fax 248.353.6559

IAN C. SIMPSON
**Counsel for Bruce Hochman**
1111 W. Long Lake
Troy, MI 48098-6333
248.641.7600/fax 248.641-0222

DONALD L. PAYTON (P27388)
LAWRENCE C. ATORTHY (P44751)
JONATHAN H. SCHWARTZ (P70819)
*Attorneys for Global FAR, Franks,
and David Charles Phillips*
308933 Northwestern Hwy., Ste. 200
Farmington Hills, MI 48334
248.626.5000/fax 248.626.2843

5

## ISSUES PRESENTED

1. **WHETHER PARK WEST SHOULD BE PRECLUDED FROM SEEKING OVER $46 MILLION IN ALLEGED DAMAGES BECAUSE THEIR DAMAGE MODEL IS DEFICIENT, SPECULATIVE, AND ACTIVIST**

    Park West Answers:   No

    Defendants Answer:   Yes

## **CONTROLLING AUTHORITY**

*Broan Mfg. Co. v. Associated Distributors, Inc.*, 923 F.2d 1232 (6th Cir. 1991)

*Agricultural Servs. Ass'n. v. Ferry-Morse Seed Co.*, 551 F.2d 1057, 1072 (6th Cir. 1977)

*Grantham and Mann, Inc. v. American Safety Prods.*, 831 F.2d 596, 601-02 (6th Cir. 1987)

### BRIEF IN SUPPORTGLOBAL FINE ART REGISTRY, L.L.C., THERESA FRANKS AND DAVID CHARLES PHILLIPS' MEMORANDUM OF LAW IN SUPPORT OF THEIR DIRECTED VERDICT MOTION

### I. INTRODUCTION

Plaintiff Park West Galleries, Inc. is a seller of art which has sued Defendants for reporting on the sale of fraudulent, misrepresented, and grossly overpriced art to Plaintiff's customers. Through five weeks of trial, numerous victims of Plaintiff, employees of Plaintiff, and sellers of Plaintiff's artwork have supported Defendants claims that Plaintiff is knowingly engaging in unethical and criminal conduct. These Defendants are not alone in their criticism of Plaintiff; the world's largest news organizations including The New York Times and USA Today have been publicly critical of Park West.

Park West has presented all its proofs, and has failed to show that these Defendants were the cause of any damages, or that any losses have been incurred by anything other than the downturn in the economy. Nonetheless, Plaintiff seeks over $46 million in alleged damages from Defendants. Plaintiff's damage claim has not been proven, is highly speculative, and is totally fabricated. Therefore, Plaintiff should not be able to recover for any of the $46 million in alleged damages being sought.

### II. LAW

As a general rule, "damages are not permitted which are remote and speculative in nature." *Agricultural Servs. Ass'n. v. Ferry-Morse Seed Co.*, 551 F.2d 1057, 1072 (6th Cir. 1977). [See *Broan Mfg. Co. v. Associated Distributors, Inc.*, 923 F.2d 1232 (6th Cir. 1991)]. "This rule serves to preclude recovery, however, only where the *fact* of damage is uncertain, *i.e.*, where the damage claimed is not the certain result of the wrong, not where the *amount* of

8

damage alone is uncertain." *Grantham and Mann, Inc. v. American Safety Prods.*, 831 F.2d 596, 601-02 (6th Cir. 1987) (emphasis added) (citations omitted); *see also Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555, 562-63, 51 S. Ct. 248, 75 L. Ed. 544 (1931). Here, Park West has failed to prove: (1) that it has been damaged by Defendants; (2) that Defendants are the cause of its alleged damages and not some other source such as The New York Times, the numerous other websites writing about it including RipOffReport.com, or Plaintiff's own conduct; and (3) that it has actually been damaged to the tune of its over $46 million damage claim. Therefore, the damages claimed by Park West are not permissible because the source of damages, the fact of damages, and the amount of damages have not been proven, and Plaintiff should be prevented from seeking damages, or being awarded damages.

### III. PARK WEST'S SPECULATIVE AND ACTIVIST DAMAGE REPORT/EXPERT

Plaintiff's damage expert, Lawrence Simon, issued a damage report, and testified about Park West's claim for over $46 million in damages. However, his testimony and expert report were not objective, or based in reality. Mr. Simon's report was deficient in the following areas: (1) he failed to take into account the downturn in the economy - which Defendants' expert David Shindel has proven to have caused any alleged damages of Plaintiff - and instead blamed all losses on Defendants; (2) he began calculating alleged damages months before Defendants ever began writing about Plaintiff; (3) he failed to take into account relevant data in calculating damages including demographics, cruise ship size, similar losses in revenue by the cruise lines, and the downturn in global sales of art; (4) he failed to take into account other causes of potential damages to Plaintiff, including Plaintiff's own conduct, the numerous other websites, blogs, and media reports which made negative statements about Plaintiff; and (5) he included in his damage

calculation alleged damages to entities other than the Plaintiff Park West Galleries, Inc., including totally distinct entities such as Park West at Sea.

While the Court's ruling on Park West's Motion In Limine to exclude any reference to other lawsuits barred certain testimony, Mr. Simon took advantage of this fact and mislead the jury. Plaintiff's expert Mr. Simon testified at trial that these Defendants were the only cause of damages to Plaintiff, but he knew full well that he had authored a damage report in another case - pending in the Oakland County Circuit Court entitled *Best, et. al. v Park West Galleries, Inc., et. al.* – where he blamed the same exact 46 million dollars plus in alleged damages on customers of Park West who wrote negative things about Park West online. Mr. Simon's damage calculation was also deficient because he relied on the "but-for" method of calculating alleged damages, but failed to investigate other methods of calculation including the yardstick and the before and after method of calculating damages, which should have all been considered, making his damage of calculation improperly speculative.

## IV.  CONCLUSION

The evidence has shown that Plaintiff's alleged damages are entirely speculative, and fabricated, and therefore Plaintiff should be barred from making a claim for or be awarded any of its alleged over $46 million in damages.

> KAUFMAN, PAYTON & CHAPA, P.C.
>
> /s/ Donald L. Payton
> DONALD L. PAYTON (P27388)
> ***Counsel for Global FAR, Franks, Phillips***

Date: April 16, 2010

I hereby certify that on April 16, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Rodger D. Young, and Ian C. Simpson.

40674